## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

Lishui Mpin Toys Co., Ltd.

      Plaintiff,

vs.

Sentk LLC,
J & Y Stucco LLC,
Heyblack International Trade Inc.,
Shenzhen Yongsheng Technology Co., Ltd., and
Qin Lu.
,

      Defendants.

Case No. 1:26-cv-945

## COMPLAINT

Plaintiff, Lishui Mpin Toys Co., Ltd. (Plaintiff), by its undersigned counsel, hereby complains of Sentk LLC, J & Y Stucco LLC, Heyblack International Trade Inc., Shenzhen Yongsheng Technology Co., Ltd., and Qin Lu (collectively Defendants), and for its Complaint hereby alleges as follows:

## INTRODUCTION

1. This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Plaintiff brings this action against Defendants for the unauthorized copying and display of Plaintiff's federally registered copyrighted works and non-United States origin artworks protected under the Berne Convention in the United States (collectively, the "Copyrighted Works"). Plaintiff also seeks a declaration of invalidity and unenforceability of Defendants' copyright registrations in the United States, which are based on derivative works

1

lacking originality and obtained through false statements regarding authorship and originality (the "Fraudulent Copyright Registrations"). Plaintiff further alleges that Defendants have engaged in the unauthorized sale, offering for sale, and distribution of products using infringing and derivative versions of the Copyrighted Works.

2. Defendants create ecommerce stores on the TikTok Shop platform, operating under three entities that share the WinkToys brand. Through these stores, Defendants advertise, offer for sale, sell, and ship Infringing Products.

3. Defendants obtain the Fraudulent Copyright Registrations by depositing copies or derivative copies of the Copyrighted Works and falsely claiming authorship and originality. Defendants filed DMCA reports against Plaintiff's authorized resellers in bad faith.

4. Plaintiff has been and continues to be irreparably harmed by Defendants' actions, suffering loss of market share, loss of future sales, inability to realize a return on investment, diminished goodwill and brand confidence, damage to reputation, damage to creative content, and loss of exclusivity in valuable copyright rights. Plaintiff seeks injunctive and monetary relief.

## PARTIES

5. Plaintiff is a company organized and existing under the laws of China, with its principal place of business at 7 Lvyuan Road, Building 11, Unit 2, Liandu District, Lishui City, China.

6. Upon information and belief, Defendant No. 1, SENTK LLC, operates an Internet Store under the trade name "WinkToys Blocks Wonderland" on TikTok Shop with unique username @winktoys.shop.

7. Upon information and belief, Defendant No. 2, J & Y Stucco LLC, operates an

Internet Store under the trade name "WinkToys Blocks World" on TikTok Shop with unique username @winktoys_official.

8. Upon information and belief, Defendant No. 3, Heyblack International Trade Inc., operates an Internet Store under the trade name "WinkToys building block" on TikTok Shop with unique username @winktoys.bear.

9. Upon information and belief, Defendant No. 4, Shenzhen Yongsheng Technology Co., Ltd., is a corporation registered under the law of the People's Republic of China with a registered address at No. 489 Jihua Road, Lehui Science and Technology Innovation Center Building 3 Floor 21, Longgang District, Shenzhen, China.

10. Upon information and belief, Defendant No. 5, Qin Lu, is a natural person and the executive director, major shareholder, and legal representative of Defendant No. 4 with an address at No. 489 Jihua Road, Lehui Science and Technology Innovation Center Building 3 Floor 21, Longgang District, Shenzhen, China.

## JOINDER OF DEFENDANTS

11. Defendants are properly joined under Federal Rule of Civil Procedure 20 because Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all defendants will arise in the action.

12. Internet Stores of Defendants No. 1 to 3 have the same trade names, i.e. WinkToys, and share the same business email. Defendants No. 1 to 3 all claimed to be the official internet stores of the WinkToys brand.

13. Upon information and belief, the accused Infringing Products are all manufactured and/or sourced from the same supplier, i.e. Defendant No. 4. Infringing Products are all shipped

3

from the same storage facility which are shared by all Defendants.

14.     Upon information and belief, Defendants' Internet Stores are controlled and operated by the same individual or entity. The TikTok Shop platform discloses only the entity names of the Internet Stores operated by Defendants No. 1 to 3. Plaintiff will be able to ascertain the corporate registration information including addresses and/or emails of the entities operating these stores only after TikTok Shop produces the registration data.

15.     Defendants No. 4 and 5 registered forty-one (41) Fraudulent Copyright Registrations with the US Copyright Office, some of which include "WinkToys" brand names in their titles, falsely claiming authorship and originality.

16.     Using the Fraudulent Copyright Registrations, Defendants No. 5 have filed DMCA reports against Plaintiff's authorized resellers on ecommerce platforms, including TikTok Shop.

17.     Given the shared trade name/brand among Defendants' Internet Stores and titles of Fraudulent Copyright Registrations discussed above, the same infringing products produced by the same manufacturer, and for purposes of judicial efficiency, Defendants share an aggregate of operative facts and are acting in active concert or participation or are part of the same "series of transactions" involving the exact same supply chain. There is a "logical relationship" among the claims and Defendants in this case. Thus, it is appropriate for Plaintiff to assert that joinder of all defendants is proper at this stage.

## JURISDICTION AND VENUE

18.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The action arises under federal law, specifically the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Pursuant to 28 U.S.C. § 1338(a), this Court has original and

exclusive jurisdiction over any civil action arising under any Act of Congress relating to copyrights.

19. This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of conducting activities in Illinois, and this action arises directly out of those activities.

20. Specifically, upon information and belief, Defendants No. 1 through 4 manufacture, offer for sale, sell, and ship the Infringing Products to residents of the State of Illinois and this District through their online TikTok Shops. These offers for sale are accessible to consumers in Illinois, and Defendants knowingly and intentionally direct sales and shipments of Infringing Products into Illinois. Investigatory purchases placed by Plaintiff's agents and the successful shipments thereof to this District establish a prima facie case of personal jurisdiction. Such conduct constitutes transacting business within Illinois and/or committing a tortious act within Illinois under the Illinois long-arm statute, 735 ILCS 5/2-209, and satisfies the requirements of due process under the Fourteenth Amendment.

21. Defendant No. 5, as the executive director of Defendant No. 4, caused the Fraudulent Copyright Registrations to be filed with the United States Copyright Office and submitted takedown notices under the Digital Millennium Copyright Act ("DMCA") to U.S.-based e-commerce platforms. To the extent Defendant No. 5 is not subject to the jurisdiction of the courts of general jurisdiction of any state, personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2) because the claims arise under federal law, and Defendant No. 5's purposeful contacts with the United States as a whole satisfy the requirements of due process.

22. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b), as Defendants may be found here through their acts of infringement in this District, including

advertising, offering for sale, selling, and shipping the Infringing Products to Illinois consumers via their online TikTok Shops. Venue is also proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred in this District.

## THE PLAINTIFF AND THE COPYRIGHTED WORKS

23.    The Copyrighted Works include certain 2-D artworks that are the subject of U.S. federal copyright registrations, certificates of which are attached hereto as Exhibit 1. Specifically, these include Registration Nos. VA 2-470-124 (MPIN MOLI), VA 2-470-121 (VEX MOLI), VA 2-470-126 (MOON MOLI), VA 2-470-123 (LOVE MOLI), and VA 2-476-826 (BIRTHDAY MOLI).

24.    The Copyrighted Works also include additional sculptural works related to toys that were created and first published in China (the "Foreign Copyrighted Works"). A list of forty-five(45) Foreign Copyrighted Works which Defendants infringed, including relevant Chinese registration information, is attached hereto as Exhibit 2. As China and the United States are both signatories to the Berne Convention for the Protection of Literary and Artistic Works, the Foreign Copyrighted Works are entitled to automatic copyright protection in the United States pursuant to 17 U.S.C. § 104(b) without formalities, including U.S. registration.

25.    The authors of the Copyrighted Works include Ms. Yan He and Mr. Jiuzhou Liu, graphic artists who graduated from the China Academy of Art and Jilin University of Arts, respectively. Beginning in 2007, they created a series of 2-D and sculptural artworks featuring bears and other figures (and derivative sculptural works), all of which are protected as part of the Copyrighted Works.

26.    Plaintiff, co-founded and established by Yan He and Jiuzhou Liu in May 2017, was

granted an exclusive license by the copyright owners/authors to commercialize, exploit, and enforce rights in the Copyrighted Works globally, including in the United States. A copy of the relevant exclusive license agreement is attached hereto as Exhibit 3 which grants Plaintiff an exclusive right to enforce Copyrighted Works.

27.     Over the years, Plaintiff has achieved significant success and market recognition worldwide for its creative works and related products. Plaintiff's flagship product is a line of building block toys (the "Mpin Products") that incorporate the sculptural works and derivative versions of the artworks protected under the Copyrighted Works. Examples of the Copyrighted Works and genuine Mpin Products are depicted below and marketing brochures of Plaintiff's Mpin Products are attached hereto as Exhibit 4.

28.     Plaintiff manufactures the Mpin Products with a commitment to high quality and aesthetic design. Plaintiff sells the Mpin Products wholesale to distributors, who in turn resell them globally, including in the United States and this District, through various e-commerce platforms such as TikTok Shop, Amazon and eBay, as well as in physical retail stores. Plaintiff also sells the Mpin Products directly to consumers worldwide, including in the United States and this District, through its official website at https://mpinpop.store/.



29.     The success of the Mpin Products is attributable in large part to Plaintiff's substantial

7

investments in marketing, promotion, and distribution. Plaintiff has expended considerable time, money, and resources—approximately $719,000 annually—in promoting the Mpin Products featuring the Copyrighted Works, including participation in international toy fairs. As a result, the Copyrighted Works and Mpin Products have developed substantial recognition and goodwill of inestimable value to Plaintiff.

30.     Plaintiff has undertaken diligent efforts to protect its rights in the Copyrighted Works through registrations and other measures in China, the United States, and elsewhere. Plaintiff is the only entity authorized to manufacture, import, export, advertise, offer for sale, sell, or otherwise exploit goods incorporating the Copyrighted Works. Authorized resellers are only permitted to resell the Mpin Products manufactured by Plaintiff. Plaintiff has not licensed or authorized Defendants, or any other unauthorized party, to use, reproduce, distribute, or otherwise exploit the Copyrighted Works in any manner.

## DEFENDANTS' INFRINGING ACTIVITIES

31.     Neither Plaintiff nor the copyright owners/claimants of the Copyrighted Works have ever licensed or otherwise authorized Defendants to reproduce, distribute, publicly display, import, sell, offer for sale, or otherwise exploit the Copyrighted Works (or any derivative works thereof) for any purpose.

32.     Defendants have infringed, and continue to infringe, Plaintiff's rights under 17 U.S.C. § 106 by reproducing, distributing, publicly displaying, offering for sale, selling, importing into the United States (including this District), and/or shipping the Infringing Products. The Infringing Products consist of building block toys that either directly copy the Copyrighted Works or incorporate unauthorized derivative versions thereof. Defendants conduct these infringing

8

activities through their online TikTok Shops (the "Internet Stores"). Webpages of Internet Stores featuring the Infringing Products, almost all of which are exact copies to Copyrighted Works, are attached hereto as Exhibit 5.

33. Upon information and belief, Defendants market, advertise, offer for sale, and sell the Infringing Products to consumers in the United States, including within the Northern District of Illinois, via the TikTok Shop platform and potentially other third-party online retailers. Defendants design their Internet Stores and product listings to misleadingly appear as authorized sellers of genuine Mpin Products, thereby facilitating further infringement. Defendants additionally reproduce and publicly display the Copyrighted Works (or copies thereof) by creating and posting images and videos on their associated TikTok social media accounts that feature the Infringing Products. Defendants' Internet Stores further create an illusion of legitimacy through the use of indicia of authenticity, security badges, and other design elements commonly associated with authorized retailers, thereby inducing consumer confusion and additional sales.

34. The Infringing Products are manufactured by or sourced from Defendant No. 4. Upon information and belief, one of Defendant No. 4's former majority shareholders, Minbo ZHANG, is the sole shareholder of Ningbo East Future Imp & Exp Co., Ltd. ("East Future"). Plaintiff supplied genuine Mpin Products (based on the Copyrighted Works) to East Future beginning in July 2024.

35. Upon information and belief, Defendants are centrally managed and controlled by East Future and/or its affiliates or associates, who knowingly reproduced and/or directed the copying of the Copyrighted Works and arranged for Defendants to import, distribute, offer for sale, and sell the Infringing Products in the United States.

36. Upon information and belief, Defendants No. 4 and No. 5 fraudulently obtained U.S. copyright registrations by falsely claiming authorship and originality over certain artworks that are derivative of or identical to Plaintiff's Copyrighted Works. The details of Fraudulent Copyright Registrations are attached as Exhibit 6.

37. Defendant No. 5 has misused these Fraudulent Copyright Registrations to submit DMCA takedown notices against Plaintiff's authorized resellers on the TikTok Shop platform, resulting in wrongful removal of legitimate listings of authentic Mpin Products. *See* Exhibit 7. Such conduct constitutes misrepresentation under 17 U.S.C. § 512(f) and further evidences Defendants' willful infringement and bad faith.

## COUNT I - COPYRIGHT INFRINGEMENT

38. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

39. Plaintiff holds exclusive rights in the Copyrighted Works under 17 U.S.C. § 106, including, without limitation, the rights to reproduce the Copyrighted Works in copies or phonorecords, to prepare derivative works based upon the Copyrighted Works, to distribute copies of the Copyrighted Works to the public by sale or other transfer of ownership or by rental, lease, or lending, and to publicly display the Copyrighted Works.

40. Defendants had access to the Copyrighted Works prior to offering for sale and selling the Infringing Products, as Plaintiff supplied genuine Mpin Products (incorporating the Copyrighted Works) to Defendants' associated entities, including Ningbo East Future Imp & Exp Co., Ltd.

41. Without permission, authorization, license, or consent from Plaintiff or the copyright

owners, Defendants have infringed—and continue to infringe—Plaintiff's exclusive rights under 17 U.S.C. § 501 by reproducing, preparing derivative works from, distributing, and publicly displaying the Copyrighted Works (or substantial portions thereof) through the sale, offer for sale, importation, and shipment of the Infringing Products via their TikTok Shops and associated online platforms.

42. Upon information and belief, Defendants have directly copied substantial portions— or in some instances nearly the entirety—of the Copyrighted Works for use in the Infringing Products. In the alternative, the Infringing Products (including their packaging, designs, images, and depictions) are strikingly similar to, or at a minimum substantially similar to, the Copyrighted Works in protected expression, such that an ordinary observer would conclude that Defendants copied original, protectable elements of the Copyrighted Works. These similarities are not the result of independent creation but constitute unauthorized reproduction, distribution, preparation of derivative works, and/or public display.

43. As one illustrative example (among many), Defendants have used unauthorized copies or derivatives of the Copyrighted Works to deceive consumers, as demonstrated by the following representative comparisons:

 

Copyrighted Work                    Infringing Product

44.     As a direct and proximate result of Defendants' acts of copyright infringement, Defendants have obtained—and continue to obtain—profits and revenues they would not otherwise have realized. Plaintiff is entitled to disgorgement and recovery of Defendants' actual profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

45.     As a further result of Defendants' infringement of Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to recover its actual damages and/or Defendants' profits (or with respect to the federally registered Copyrighted Works, statutory damages where available under 17 U.S.C. § 504(c)), as well as costs and, to the extent applicable, reasonable attorney's fees pursuant to 17 U.S.C. § 505.

46.     Defendants' ongoing and willful infringement is causing—and, unless enjoined and restrained by this Court, will continue to cause—Plaintiff irreparable injury that cannot be fully compensated by monetary damages alone. Plaintiff has no adequate remedy at law. Accordingly, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting Defendants from further infringing the Copyrighted Works, and requiring Defendants to destroy (or deliver up for destruction) all infringing copies, reproductions, derivatives, and materials embodying the Copyrighted Works (including inventory, packaging, promotional materials, and digital files).

**COUNT II - DECLARATORY JUDGMENT FOR INVALIDATION OF DEFENDANTS' COPYRIGHT REGISTRATIONS**

47.     Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

48.     An actual and substantial controversy exists between Plaintiff and Defendants No. 4

and No. 5 concerning the validity and enforceability of forty-one (41) U.S. copyright registrations (the "Fraudulent Copyright Registrations") obtained by Defendants No. 4 and No. 5 from the United States Copyright Office, as detailed in Exhibit 6. Upon information and believe, these registrations purport to claim original authorship and ownership over works that are, in reality, direct copies and/or unauthorized derivative versions of Plaintiff's Copyrighted Works.

49. Upon information and belief, the Fraudulent Copyright Registrations reproduce—without authorization—the exact or nearly identical creative expression, visual elements, structure, and overall composition of the Copyrighted Works (or substantial protectable portions thereof). Defendants No. 4 and No. 5 knowingly submitted applications containing false statements regarding authorship, originality, and the nature of the works, misrepresenting them as original creations rather than copies or non-original derivatives of Plaintiff's pre-existing works. These misrepresentations were material to the Copyright Office's decision to register the works and were made with knowledge of their falsity or reckless disregard for the truth.

50. The Fraudulent Copyright Registrations are invalid and unenforceable because: (a) the registered works lack the requisite originality under 17 U.S.C. § 102(a), as they consist of unauthorized copies or non-creative derivatives of Plaintiff's Copyrighted Works; and (b) they were procured through the knowing inclusion of inaccurate and material information in violation of 17 U.S.C. § 411(b). Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that the Fraudulent Copyright Registrations are void, invalid, unenforceable, of no legal effect, and should be disregarded or cancelled by the United States Copyright Office.

**WILLFUL INFRINGEMENT**

51. Upon information and belief, Defendants had actual knowledge of the Copyrighted

Works prior to and throughout their infringing activities. Defendants were centrally managed and controlled by or closely associated with Ningbo East Future Imp & Exp Co., Ltd. ("East Future"), one of Plaintiff's former clients to whom Plaintiff supplied genuine Mpin Products incorporating the Copyrighted Works. As such, Defendants had direct access to, and were fully aware of, the Copyrighted Works before commencing sales of the Infringing Products.

52.     In or around July 2025, Plaintiff provided Defendants with actual notice of their infringement through Defendants' customer service chat function on their TikTok Shops, specifically identifying the Copyrighted Works, the Infringing Products, and the unauthorized use thereof. Despite this clear warning, Defendants failed to respond, cease their infringing activities, or take any remedial steps. The infringement has continued unabated as of the filing of this Complaint.

53.     Defendants' continued reproduction, distribution, offering for sale, sale, importation, and public display of the Infringing Products—despite actual knowledge of Plaintiff's rights and the infringing nature of their conduct—demonstrates reckless disregard for, or willful blindness to, Plaintiff's exclusive rights under the Copyright Act. Defendants' actions constitute willful copyright infringement.

## PRAYER FOR RELIEF

54.     WHEREFORE, Plaintiff respectfully prays that this Court enter judgment and grant relief against Defendants as follows:

1)  A judgment declaring that Defendants have infringed Plaintiff's exclusive rights in the Copyrighted Works under 17 U.S.C. § 501;

2)  A preliminary and permanent injunction enjoining each Defendant, and their respective

officers, directors, agents, employees, attorneys, affiliates, subsidiaries, parents, successors, assigns, and all persons in active concert or participation with them who receive actual notice of this injunction by personal service or otherwise, from directly or indirectly:

a.  using the Copyrighted Works, or any reproductions, copies, colorable imitations, or derivative works thereof, in connection with the manufacturing, importing, advertising, marketing, offering for sale, sale, distribution, or other exploitation of any Infringing Products or other unauthorized goods;

b.  passing off, inducing, contributing to, or enabling others to pass off or sell any products not authorized by Plaintiff as genuine Mpin Products or as bearing or incorporating the Copyrighted Works;

c.  shipping, delivering, distributing, returning, disposing of, or otherwise moving or handling any inventory, products, or materials bearing or derived from the Copyrighted Works that are not authorized by Plaintiff;

d.  further infringing the Copyrighted Works or damaging Plaintiff's goodwill, reputation, or business;

e.  using, controlling, transferring, selling, or exercising dominion over the Defendant Internet Stores, product listings, domain names, online marketplace accounts, or other online presences used to offer or sell unauthorized products bearing or derived from the Copyrighted Works;

f.  operating and/or hosting websites at the Defendant Internet Stores, and any other domain names registered to or operated by Defendants that are involved with the

distribution, marketing, advertising, offering for sale, or sale of products or inventory not authorized by Plaintiff which bear the Copyrighted Works, or which are derived from Plaintiff's Copyrighted Works;

3) An Order directing that, upon Plaintiff's request and with notice of this injunction, third parties in privity with Defendants or with actual notice hereof—including but not limited to TikTok Shop, other online marketplaces, payment processors, social media platforms, Internet search engines (such as Google, Bing, and Yahoo), web hosts, and domain name registrars—shall:

   a. disable and cease providing services to any accounts, listings, or channels through which Defendants engage in the unauthorized sale or promotion of products bearing or derived from the Copyrighted Works;

   b. remove or disable any advertisements, promotions, or content associated with Defendants' infringing activities; and,

   c. take reasonable steps to de-index or prevent links to the Defendant Internet Stores or infringing listings from appearing in search results.

4) An accounting of all profits realized by Defendants (directly or indirectly) from their infringing acts, and disgorgement and payment to Plaintiff of all such profits pursuant to 17 U.S.C. § 504(b);

5) A judgment that Defendants have willfully infringed Plaintiff's rights in the federally registered Copyrighted Works pursuant to 17 U.S.C. § 501, and have otherwise injured Plaintiff's business, reputation, and goodwill through the acts alleged herein;

6) An award to Plaintiff of its actual damages, Defendants' profits (or statutory damages in

lieu thereof, including enhanced statutory damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2), up to $150,000 per infringed work, at Plaintiff's election), and any other damages available under 17 U.S.C. § 504;

7)   A declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendants' Fraudulent Copyright Registrations are invalid, void, unenforceable, and of no legal effect;

8)   An order directing the cancellation of the Fraudulent Copyright Registrations by the United States Copyright Office, or such other relief as necessary to effectuate their invalidation;

9)   An order pursuant to 17 U.S.C. § 503(b) for the impoundment, seizure, and destruction (or delivery up for destruction) of all infringing copies, reproductions, derivatives, inventory, packaging, promotional materials, and related items embodying the Copyrighted Works

10)  An award of Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505; and,

11)  Any and all other relief that this Court deems just and proper.

Dated: January 28, 2026.                    Respectfully submitted,

_/s/ D. Vincent Yu_
Diqing Vincent Yu
NY Bar No. 4895058
Admitted to N.D. Ill.
EBIZ LAW LLC
1178 Broadway, 3rd Floor #3142
New York, NY 10001
(212)960-3558
vincent.yu@ebiz.law