# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| Lishui Mpin Toys Co., Ltd. | |
| Plaintiff, | Case No. 1:26-cv-945 |
| vs. | |
| Sentk LLC, | **District Judge**: |
| J & Y Stucco LLC, | Honorable Matthew F. Kennelly |
| Heyblack International Trade Inc., | |
| Shenzhen Yongsheng Technology Co., Ltd., and | |
| Qin Lu. | |
| Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SECOND RENEWED
## <u>MOTION FOR ELECTRONIC SERVICE</u>

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff, Lishui Mpin Toys Co., Ltd. ("Mpin" or "Plaintiff"), obtained the authorization to serve Defendants, Shenzhen Yongsheng Technology Co., Ltd. and Qin Lu through electronic means on February 5, 2026. [21].

Because the TikTok Shop platform only provides entity names for the Internet Stores without any additional address or registration details (*see* Exhibit 3), Plaintiff further respectfully moves this Court to authorize service of process and subsequent pleadings in this action on the rest of Defendants Sentk LLC, J & Y Stucco LLC, Heyblack International Trade Inc. (collectively "Defendants") by: (1) sending emails to the address provided by Defendants on their official Internet Stores or by the ecommerce platform which hosts the Internet Stores, which must include

1

the Summons, Complaint, and all relevant documents as direct attachments to the emails; and (2) electronically publishing said materials on a public website accessible to Defendants, the link of which shall also be included in the sent emails.

## I.     Electronic service is appropriate under Federal Rule of Civil Procedure 4(f)(3)

In general, the manner of alternative service under Federal Rule of Civil Procedure 4(f)(3) "is committed to the sound discretion of the district court" and may vary based on "the facts and circumstances of the particular case." *Peanuts Worldwide LLC v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, 347 F.R.D. 316, 324 (N.D. Ill. 2024) (citing *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016)). "While all methods of service must satisfy the baseline constitutional requirement of being 'reasonably calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections,' the court has no trouble concluding that this standard was met here." *Id*. at 324-25 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002), in which the Court finds that "[w]ithout hesitation" that service by email was "constitutionally acceptable" as "the method of service most likely to reach" an overseas e-commerce defendant)). In *Rio Props., Inc.*, the Court reached this conclusion, in part, because the defendant conducted its business over the internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Rio Props., Inc.*, 284 F.3d at 1017.

United States District Courts, including this Court, routinely permit alternative methods of service notwithstanding the applicability of the Hague Convention. *See e.g., In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention").

2

Federal Rules of Civil Procedure 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props. Inc.*, 284 F.3d at 1014-15. As the *Rio Props Inc.* Court explained, "Rule 4(f) does not create a hierarchy of preferred methods of service of process." *Id*. at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id*. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id*. Also, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not affected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).")

Even where a plaintiff has not attempted service under the terms of the Hague Convention and Rule 4(f)(1), "the Court [is] authorized to order that service be effected by an alternative means (i.e., email) so long as Plaintiff[] 'ma[d]e a showing as to why alternative service should be authorized.'" *NBA Props., Inc. v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, 549 F. Supp. 3d 790, 797 (N.D. Ill. 2021) (quoting *Flava Works*, [2013 BL 401806], 2013 WL 1751468, at *7).

Plaintiff submits that providing notice via electronic publication and direct email delivery attaching the Summons, Complaint and supporting material to the communication, augmented by any notice Defendants receive from the e-commerce platform (TikTok Shop) and payment processors is reasonably calculated, under all circumstances, to apprise Defendants of the

3

pendency of the action and afford them the opportunity to present their objections.

Electronic service is both appropriate and necessary in this case. Plaintiff has good cause to believe that the Defendants, whose management team and employees based overseas, centrally manage three official Internet Stores on TikTok (specifically @winktoys.shop, @winktoys_official, and @winktoys.bear) and registered Fraudulent Copyright Registrations to aid the infringing activities committed by those Internet Stores. *See* [1-6] and [1-7]. The Infringing Products shipped by these stores clearly bear the "WinkToys" trademark and include labeling identifying Defendant Shenzhen Yongsheng Technology Co., Ltd. as the manufacturer and/or supplier. *See* Exhibit 1 (photos of Infringing Products). Furthermore, Defendants are affiliated with the U.S. registrant of the "WinkToys" trademark through a common shareholder. *See* [7-1] at ¶ 11.

The storefronts for these Internet Stores list a contact email, i.e. business@winktoys.com, as the official communication method. *See* Exhibit 2 (screenshots of the Internet Stores). But the storefronts do not list physical addresses or registration information on the store. *See* Exhibit 3 (additional screenshots of Internet Stores). Because Defendants conduct business entirely online, has no physical presence in the United States, and rely primarily on email and/or customer service portal to communicate with consumers and third-party service providers in the United States, they are far more likely to receive notice electronically than through traditional, physical service methods. Providing the documents as direct attachments in the email ensures immediate access to the legal process.

Furthermore, while a manufacturing address for Defendant Shenzhen Yongsheng Technology Co., Ltd. appeared on product packaging, there is no verified address for service of process. *See* Exhibit 1. Similarly, there is no verifiable physical address for Qin Lu. Consequently, service via email with filed documents as direct attachments and electronic

publication satisfies the baseline constitutional requirement of being "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."

## II.      Alternative Service is Warranted for Potentially Domestic Defendants Under Rule 4(h)(1) and Illinois Law

Federal Rule of Civil Procedure 4(h)(1) governs the service of process on a domestic corporation, partnership, or other unincorporated association. Pursuant to Rule 4(h)(1)(A), service may be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual". Rule 4(e)(1), in turn, permits service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made". In this case, because the action is pending in the Northern District of Illinois, the Court looks to the Illinois Code of Civil Procedure to determine if alternative service is appropriate.

Under Illinois law, if service upon a defendant is "impractical" under traditional methods—such as personal or abode service—a plaintiff may move for a special order of the court for a comparable method of service. Section 2-203.1 of the Illinois Code of Civil Procedure provides that "[i]f service upon an individual defendant is impractical... the plaintiff may move, without notice, that the court enter an order directing a comparable method of service." 735 ILCS 5/2-203.1. To obtain such an order, the plaintiff must provide an affidavit stating the "nature and extent of the investigation" made to determine the defendant's whereabouts and the reasons why traditional service is impractical. The court may then order service in "any manner consistent with due process." *Id.*; *Fifth Third Bank v. Malone*, Case No. 09-cv-6578, 2010 WL 183344, at \*2 (N.D. Ill. Jan. 20, 2010).

The baseline constitutional requirement for service of process is that it must be "reasonably

calculated, under all the circumstances, to apprise the interested parties of the pendency of the action and afford them an opportunity to present their objections." In the context of e-commerce defendants who operate primarily through digital platforms and utilize email as their principal means of communication, courts in this District have found that service via email containing filed documents as attachments and website publication satisfies this standard. *See Peanuts Worldwide LLC*, 347 F.R.D. at 324-25.

In this case, the TikTok Shop platform displayed only the entity names for the Internet Stores, without providing physical addresses or registration details. Following a diligent investigation, Plaintiff identified three entities that share the same names as Defendants Sentk LLC, J & Y Stucco LLC, and Heyblack International Trade Inc. See Affidavit of Vincent Yu ("Yu Aff.") at ¶ 3. Assuming these are the correct domestic companies, traditional service is impractical because: (1) the registered principal business addresses for Sentk LLC (California) and J & Y Stucco LLC (Florida) are residential; (2) Heyblack International Trade Inc. (New York) provides a service of process address that appears to be owned by an unrelated entity with no connection to e-commerce business; and (3) Defendants operate exclusively via the TikTok Shop platform and utilize email as their primary point of contact for business operations. *Id*. at ¶¶ 4-6; *See also* Exhibits 4-9.

In the Northern District of Illinois, courts routinely allow service via email containing the documents as attachment and website posting where such methods are "reasonably calculated" to apprise the defendants of the action. Given the "WinkToys" brand's unified online presence and the absence of a verifiable physical headquarters, electronic service is the most reliable—and perhaps the only—method to ensure actual notice.

Authorizing service via email with filed documents as direct attachments and electronic

publication will benefit all parties and the Court by ensuring that all Defendants receive prompt notice, allowing this action to proceed expeditiously. Without the ability to serve Defendants in this manner, Plaintiff will likely be unable to pursue a final judgment.

Plaintiff will file a motion soon to convert the Temporary Restraining Order (TRO) to a preliminary injunction to prevent further irreparable harm. Because the Court has indicated that the preliminary injunction may be denied if service is not effectuated promptly, Plaintiff respectfully requests that this Court exercise its discretion to authorize electronic service to ensure all parties are properly before the Court before the upcoming hearing.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve all Defendants electronically via direct email with documents attached thereto and electronic publication. Accordingly, Plaintiff requests issuance of an Order authorizing Plaintiff to serve Defendants electronically.

Dated: February 6, 2026.                    Respectfully submitted,

*/s/ D. Vincent Yu*
D. Vincent Yu
NY Bar No. 4895058
Admitted to N.D. Ill.
Ebiz Law LLC
1178 Broadway, 3rd Floor #3142
New York, NY 10001
(212)960-3558
vincent.yu@ebiz.law