# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

Lishui Mpin Toys Co., Ltd.

          Plaintiff,

vs.

Sentk LLC,
J & Y Stucco LLC,
Heyblack International Trade Inc.,
Shenzhen Yongsheng Technology Co., Ltd., and
Qin Lu.

          Defendants.

Case No. 1:26-cv-945

**District Judge**:

Honorable Matthew F. Kennelly

## PRELIMINARY INJUNCTION ORDER

Plaintiff, Lishui Mpin Toys Co., Ltd., filed this motion for preliminary injunction, including a preliminary injunction against Defendants, enjoining the manufacture, importation, distribution, offering for sale, and sale of Infringing Products, a temporary asset restraint, and expedited discovery.

After a review of the Moving Documents, the Complaint, and the evidence submitted through Exhibits and Declarations in support of the Motion for Temporary Restraining Order ("TRO") and this Motion, and the full records of the claim, the Court grants the Plaintiff's Motion for Preliminary Injunction in its entirety.

This Court finds, in the absence of adversarial presentation, that Plaintiff has provided a basis to conclude that Defendants have sold unauthorized products on Internet Stores as listed in

1

Exhibit A to this Order ("Infringing Products") through TikTok Shop platforms that infringe Plaintiff's United States Copyright Registration No. VA 2-470-124 (MPIN MOLI), VA 2-470-121 (VEX MOLI), VA 2-470-126 (MOON MOLI), VA 2-470-123 (LOVE MOLI), and VA 2-476-826 (BIRTHDAY MOLI) as listed in Exhibit 1 to the Complaint ([1-1]) as well as Foreign Copyrighted Works completed and registered in the People's Republic of China protected in the United States through the Berne Convention and pursuant to 17 U.S.C. § 104 as listed in Exhibit 2 to the Complaint ([1-2]) (collectively "Copyrighted Works").

This Court also finds that injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for TRO establishes that Plaintiff has a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has established a prima facie case of copyright infringement because: (1) Plaintiff has valid ownership of the Copyrighted Works through registration certificates issued by the United States Copyright Office and the Copyright Bureau of the People's Republic of China; and (2) Defendants have copied original elements of the Copyrighted Works. *See*, [1-5], and [7-1]. In most cases, the Infringing Products are identical to Plaintiff's authentic products ("Mpin Products"). Furthermore, Defendants' continued unauthorized use and copying of the Copyrighted Works irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address

such damage. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

On this basis, the Court Orders as follows:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily enjoined and restrained from:

    a) Manufacturing, importing, offering for sale, and selling the Infringing Products;

    b) passing off, inducing, or enabling others to sell or pass off any product as a genuine Mpin Products or any other product produced by Plaintiff, that is neither Plaintiff's nor produced under the authorization, control or supervision of Plaintiff, nor approved by Plaintiff for sale under Plaintiff's Copyrighted Works;

    c) committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with the Plaintiff;

    d) further infringing Plaintiff's Copyrighted Works, and damaging Plaintiff's goodwill;

    e) shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiff's Copyrighted Works;

f)  operating and/or hosting any other online marketplace registered or operated by Defendants or their affiliates that are involved with the distribution, marketing, advertising, offering for sale, or sale of any products that infringe upon Plaintiff's Copyrighted Works that are not genuine Mpin Products, or not authorized by Plaintiff to be sold in connection with Plaintiff's Copyrighted Works;

g)  using Defendants or other entities/individuals to falsely report copyright infringement claims on e-commerce platforms against Plaintiff or its authorized resellers; and

h)  effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs (a) to (f).

2.  Plaintiff is authorized to serve this Preliminary Injunction Order and to issue any expedited discovery requests to any entities or individuals via e-mail.

3.  Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for Defendants or in connection with any of Defendants' Internet Stores as listed in Exhibit A to this Order, including, without limitation, any online marketplace platforms such as TikTok Shop platform (run by TikTok Inc., BD TikTok USA LLC, TikTok USDS Joint Venture LLC and/or their respective parents, subsidiaries, and affiliates where applicable, hereinafter "TikTok" collectively) and any financial institutions or payment processors such as PayPal, Stripe, Apple Pay, Google Pay, Klarna, Wise, Afterpay (or Clearpay), and Affirm (collectively, the "Payment

4

Processors") shall, within five (5) calendar days after receipt of such notice and request, provide to Plaintiff expedited discovery, including copies of all documents and records in such person's or entity's possession or control relating to:

a) Defendants' online marketplace accounts;

b) the identity and location of Defendants' Internet Stores, including details of entities which registered and managed the Defendants' Internet Stores, all known contact information and all associated e-mail addresses;

c) the nature of Defendants' Internet Stores' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendants' Internet Stores' financial accounts, as well as providing a full accounting of Defendants' Internet Stores' sales and listing history related to Defendants' Internet Stores; and

d) any monetary or financial accounts owned or controlled by Defendants' Internet Stores, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Stripe, Apple Pay, Google Pay, Klarna, Wise, Afterpay (or Clearpay), and Affirm, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of the injunction and that are in privity with Defendants, including any TikTok entities as defined in Paragraph 3, shall within five

(5) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants' Internet Stores in connection with the sale of the Infringing Products, including, without limitation:

a)  Immediately disable and remove all Infringing Product listings in the Defendants' Internet Stores;

b)  Remove or delist promotional videos featuring the Copyrighted Works;

c)  freeze all funds, including pending settlements and future sales, associated with the Internet Stores as listed in Exhibit A to this Order, and provide Plaintiff's counsel with all data which details (i) an accounting of the total funds restrained and the identification of the financial accounts which the restrained funds are related to, and (ii) the account transactions related to all funds transmitted into the financial accounts which have been restrained;

d)  disable and cease providing services for any accounts through which Defendants engage in the sale of Infringing Products using the Copyrighted Works;

e)  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Copyrighted Works;

f)  take all steps necessary to prevent links to the Defendants' Internet Stores from displaying in search results, including, but not limited to, removing links to the Defendants' Internet Stores from any search index; and

6

g) Prevent the creation of new seller accounts by the same individuals or entities identified in Exhibit A to this Order.

5. The Payment Processors, and any other financial institutions, for the Defendants or any of Defendants' online marketplace accounts or websites, shall within five (5) business days of receipt of this Order:

a) locate all accounts and funds connected to Defendants, Defendants' online marketplace accounts or Defendants' websites, including, but not limited to, the Defendant Internet Store and the email addresses associated with the Defendants that are identified by either Defendants or third parties; and

b) restrain and enjoin such accounts from receiving, transferring, or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. Defendants and any persons in active concert or participation with them who have actual notice of this Order shall be temporarily restrained and enjoined from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Plaintiff is authorized to issue any such expedited discovery requests via e-mail. Defendants shall respond to any such discovery requests within three (3) business days of being served via e-mail. The expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, can be related to:

a) the identity and location of Defendants, including all known contact information and all associated e-mail addresses;

b) the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to its Internet Stores; and

c) any financial accounts owned or controlled by Defendants, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Stripe, Apple Pay, Google Pay, Klarna, Wise, Afterpay (or Clearpay), and Affirm, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

8. The $3,000 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

9. Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Northern District of Illinois Local Rules.

10. This Preliminary Injunction Order is entered on February 17, 2026 and shall remain in effect through the pendency of this litigation or until further order of this Court.

Matthew F. Kennelly
United States District Judge

8

## Exhibit A

### Defendants' Internet Stores

| Entity | Store Name | Username | Store URL |
|---|---|---|---|
| Sentk LLC | WinkToys Blocks Wonderland | @winktoys.shop | https://www.tiktok.com/shop/store/winktoys-blocks-wonderland/7495950944534235423 |
| J & Y Stucco LLC | WinkToys Blocks World | @winktoys_official | https://www.tiktok.com/shop/store/winktoys-blocks-world/7495887691116481423 |
| Heyblack International Trade Inc. | WinkToys building block | @winktoys.bear | https://www.tiktok.com/shop/store/winktoys-building-block/7495899232226871439 |

9