# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lishui Mpin Toys Co., Ltd., | § | |
| | § | CASE No: 1:26-cv-945 |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| Sentk LLC, | § | |
| J & Y Stucco LLC, Heyblack International | § | |
| Trade Inc., Shenzhen Yongsheng | § | |
| Technology Co., Ltd., and Qin Lu. | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants Sentk LLC, J & Y Stucco LLC, and Heyblack International Trade Inc. (collectively, the "Defendants"), by and through undersigned counsel, hereby answer the Complaint filed by Plaintiff Lishui Mpin Toys Co., Ltd.

## INTRODUCTION

**1.** This is an action for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Plaintiff brings this action against Defendants for the unauthorized copying and display of Plaintiff's federally registered copyrighted works and non-United States origin artworks protected under the Berne Convention in the United States (collectively, the "Copyrighted Works"). Plaintiff also seeks a declaration of invalidity and unenforceability of Defendants' copyright registrations in the United States, which are based on derivative works lacking originality and obtained through false statements regarding authorship and originality (the "Fraudulent Copyright Registrations"). Plaintiff further alleges that Defendants have engaged in the unauthorized sale, offering for sale, and distribution of products using infringing and derivative versions of the Copyrighted Works.

1

**Answer:** Defendants admit that Plaintiff purports to bring an action for copyright infringement under the Copyright Act of 1976 and a declaratory judgment claim concerning certain U.S. copyright registrations. Defendants deny that they engaged in any unauthorized copying, display, sale, offering for sale, or distribution of products that infringe any valid and enforceable copyright or derivative-work right owned or enforceable by Plaintiff, and deny the remaining allegations of Paragraph 1.

2. Defendants create ecommerce stores on the TikTok Shop platform, operating under three entities that share the WinkToys brand. Through these stores, Defendants advertise, offer for sale, sell, and ship Infringing Products.

**Answer:** Defendants admit that Defendants No. 1 through No. 3 operate TikTok Shop stores identified in the Complaint. Defendants deny that any products sold through those stores are "Infringing Products," and otherwise deny the allegations of Paragraph 2.

3. Defendants obtain the Fraudulent Copyright Registrations by depositing copies or derivative copies of the Copyrighted Works and falsely claiming authorship and originality. Defendants filed DMCA reports against Plaintiff's authorized resellers in bad faith.

**Answer:** Paragraph 3 is directed primarily to Defendants No. 4 and No. 5. No response is required from Defendants. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny the same.

4. Plaintiff has been and continues to be irreparably harmed by Defendants' actions, suffering loss of market share, loss of future sales, inability to realize a return on investment, diminished goodwill and brand confidence, damage to reputation, damage to creative content,

and loss of exclusivity in valuable copyright rights. Plaintiff seeks injunctive and monetary relief.

**Answer:** Defendants deny the allegations of Paragraph 4.

## PARTIES

5. Plaintiff is a company organized and existing under the laws of China, with its principal place of business at 7 Lvyuan Road, Building 11, Unit 2, Liandu District, Lishui City, China.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny the same.

6. Upon information and belief, Defendant No. 1, SENTK LLC, operates an Internet Store under the trade name "WinkToys Blocks Wonderland" on TikTok Shop with unique username @winktoys.shop.

**Answer:** Sentk LLC admits that it operates a TikTok Shop store using the username @winktoys.shop. Except as expressly admitted, Defendants deny the allegations of Paragraph 6.

7. Upon information and belief, Defendant No. 2, J & Y Stucco LLC, operates an Internet Store under the trade name "WinkToys Blocks World" on TikTok Shop with unique username @winktoys_official.

**Answer:** J & Y Stucco LLC admits that it operates a TikTok Shop store using the username @winktoys_official. Except as expressly admitted, Defendants deny the allegations of Paragraph 7.

8. Upon information and belief, Defendant No. 3, Heyblack International Trade Inc., operates an Internet Store under the trade name "WinkToys building block" on TikTok Shop with unique username @winktoys.bear.

**Answer:** Heyblack International Trade Inc. admits that it operates a TikTok Shop store using the username @winktoys.bear. Except as expressly admitted, Defendants deny the allegations of Paragraph 8.

9. Upon information and belief, Defendant No. 4, Shenzhen Yongsheng Technology Co., Ltd., is a corporation registered under the law of the People's Republic of China with a registered address at No. 489 Jihua Road, Lehui Science and Technology Innovation Center Building 3 Floor 21, Longgang District, Shenzhen, China.

**Answer:** Paragraph 9 is directed to Defendant No. 4. No response is required from Defendants. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny the same.

10. Upon information and belief, Defendant No. 5, Qin Lu, is a natural person and the executive director, major shareholder, and legal representative of Defendant No. 4 with an address at No. 489 Jihua Road, Lehui Science and Technology Innovation Center Building 3 Floor 21, Longgang District, Shenzhen, China.

**Answer:** Paragraph 10 is directed to Defendant No. 5. No response is required from Answering Defendants. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny the same.

## JOINDER OF DEFENDANTS

11. Defendants are properly joined under Federal Rule of Civil Procedure 20 because Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all defendants will arise in the action.

**Answer:** Paragraph 11 states a legal conclusion to which no answer is required. To the extent an answer is required, Defendants deny that joinder is proper.

12. Internet Stores of Defendants No. 1 to 3 have the same trade names, i.e. WinkToys, and share the same business email. Defendants No. 1 to 3 all claimed to be the official internet stores of the WinkToys brand.

**Answer:** Defendants admit that the Store Defendants' TikTok stores use the WinkToys name in their storefront presentation. Defendants deny the remaining allegations of Paragraph 12.

13. Upon information and belief, the accused Infringing Products are all manufactured and/or sourced from the same supplier, i.e. Defendant No. 4. Infringing Products are all shipped from the same storage facility which are shared by all Defendants.

**Answer:** Defendants admit, upon information and belief, that certain products sold by Defendants No. 1 through No. 3 may have been sourced from the same supplier, namely Defendant No. 4, and that certain products may have been fulfilled through overlapping logistics or warehousing arrangements. Defendants deny that any such products are "accused" or "Infringing Products," and otherwise deny any remaining allegations in Paragraph 13.

14. Upon information and belief, Defendants' Internet Stores are controlled and operated by the same individual or entity. The TikTok Shop platform discloses only the entity names of the Internet Stores operated by Defendants No. 1 to 3. Plaintiff will be able to ascertain the corporate registration information including addresses and/or emails of the entities operating these stores only after TikTok Shop produces the registration data.

**Answer:** Defendants admit, upon information and belief, that Defendants No. 1 through No. 3's Internet Stores are operated by the same individual or entity. Defendants further admit

that TikTok Shop discloses the entity names associated with those stores, but deny that such disclosures are limited to entity names only. Defendants deny the remaining allegations in Paragraph 14.

**15.** Defendants No. 4 and 5 registered forty-one (41) Fraudulent Copyright Registrations with the US Copyright Office, some of which include "WinkToys" brand names in their titles, falsely claiming authorship and originality.

**Answer:** Paragraph 15 is directed to Defendants No. 4 and No. 5. No response is required from Defendants. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore deny the same.

**16.** Using the Fraudulent Copyright Registrations, Defendants No. 5 have filed DMCA reports against Plaintiff's authorized resellers on ecommerce platforms, including TikTok Shop.

**Answer:** Paragraph 16 is directed to Defendant No. 5. No response is required from Defendants. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore deny the same.

**17.** Given the shared trade name/brand among Defendants' Internet Stores and titles of Fraudulent Copyright Registrations discussed above, the same infringing products produced by the same manufacturer, and for purposes of judicial efficiency, Defendants share an aggregate of operative facts and are acting in active concert or participation or are part of the same "series of transactions" involving the exact same supply chain. There is a "logical relationship" among the claims and Defendants in this case. Thus, it is appropriate for Plaintiff to assert that joinder of all defendants is proper at this stage.

**Answer:** Paragraph 17 states legal conclusions and argumentative assertions to which no answer is required. To the extent an answer is required, Defendants deny the allegations of Paragraph 17.

## JURISDICTION AND VENUE

**18.** This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). The action arises under federal law, specifically the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. Pursuant to 28 U.S.C. § 1338(a), this Court has original and exclusive jurisdiction over any civil action arising under any Act of Congress relating to copyrights.

**Answer:** Paragraph 18 states legal conclusions to which no answer is required. To the extent an answer is required, Defendants admit that the Complaint purports to invoke this Court's subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**19.** This Court has personal jurisdiction over Defendants because Defendants have purposefully availed themselves of the privilege of conducting activities in Illinois, and this action arises directly out of those activities.

**Answer:** Paragraph 19 states legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not presently dispute that the Complaint alleges a basis for personal jurisdiction over them for purposes of responding to the Complaint, but deny any infringement or other liability.

**20.** Specifically, upon information and belief, Defendants No. 1 through 4 manufacture, offer for sale, sell, and ship the Infringing Products to residents of the State of Illinois and this District through their online TikTok Shops. These offers for sale are accessible to consumers in Illinois, and Defendants knowingly and intentionally direct sales and shipments of Infringing

Products into Illinois. Investigatory purchases placed by Plaintiff's agents and the successful shipments thereof to this District establish a prima facie case of personal jurisdiction. Such conduct constitutes transacting business within Illinois and/or committing a tortious act within Illinois under the Illinois long-arm statute, 735 ILCS 5/2-209, and satisfies the requirements of due process under the Fourteenth Amendment.

**Answer:** Defendants admit that their TikTok Shop stores were accessible online in the United States. Defendants otherwise deny the allegations of Paragraph 20, including any allegation that they knowingly and intentionally directed infringing sales and shipments into Illinois or committed any tortious act in Illinois.

21. Defendant No. 5, as the executive director of Defendant No. 4, caused the Fraudulent Copyright Registrations to be filed with the United States Copyright Office and submitted takedown notices under the Digital Millennium Copyright Act ("DMCA") to U.S.-based e-commerce platforms. To the extent Defendant No. 5 is not subject to the jurisdiction of the courts of general jurisdiction of any state, personal jurisdiction is proper under Federal Rule of Civil Procedure 4(k)(2) because the claims arise under federal law, and Defendant No. 5's purposeful contacts with the United States as a whole satisfy the requirements of due process.

**Answer:** Paragraph 21 is directed to Defendant No. 5 and states legal conclusions to which no answer is required. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore deny the same.

22. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1400(b), as Defendants may be found here through their acts of infringement in this District, including advertising, offering for sale, selling, and shipping the Infringing Products to Illinois consumers

via their online TikTok Shops. Venue is also proper under 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to this action occurred in this District.

**Answer:** Paragraph 22 states legal conclusions to which no answer is required. To the extent an answer is required, Defendants do not presently dispute venue in this District for purposes of responding to the Complaint, but deny any infringement or liability.

**THE PLAINTIFF AND THE COPYRIGHTED WORKS**

**23.** The Copyrighted Works include certain 2-D artworks that are the subject of U.S. federal copyright registrations, certificates of which are attached hereto as Exhibit 1. Specifically, these include Registration Nos. VA 2-470-124 (MPIN MOLI), VA 2-470-121 (VEX MOLI), VA 2-470-126 (MOON MOLI), VA 2-470-123 (LOVE MOLI), and VA 2-476-826 (BIRTHDAY MOLI).

**Answer:** Defendants admit that the Complaint references five U.S. copyright registration numbers and attaches documents purporting to be certificates as Exhibit 1. Defendants lack knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations concerning ownership, validity, and enforceability of those asserted works, and therefore deny the same.

**24.** The Copyrighted Works also include additional sculptural works related to toys that were created and first published in China (the "Foreign Copyrighted Works"). A list of forty-five(45) Foreign Copyrighted Works which Defendants infringed, including relevant Chinese registration information, is attached hereto as Exhibit 2. As China and the United States are both signatories to the Berne Convention for the Protection of Literary and Artistic Works, the Foreign Copyrighted Works are entitled to automatic copyright protection in the United States pursuant to 17 U.S.C. § 104(b) without formalities, including U.S. registration.

**Answer:** Defendants admit that the Complaint references certain additional sculptural works allegedly created and first published in China and attaches a list as Exhibit 2. Defendants deny that Exhibit 2 establishes any valid, enforceable rights against Defendants in this action, and otherwise deny the allegations of Paragraph 24.

25. The authors of the Copyrighted Works include Ms. Yan He and Mr. Jiuzhou Liu, graphic artists who graduated from the China Academy of Art and Jilin University of Arts, respectively. Beginning in 2007, they created a series of 2-D and sculptural artworks featuring bears and other figures (and derivative sculptural works), all of which are protected as part of the Copyrighted Works.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore deny the same.

26. Plaintiff, co-founded and established by Yan He and Jiuzhou Liu in May 2017, was granted an exclusive license by the copyright owners/authors to commercialize, exploit, and enforce rights in the Copyrighted Works globally, including in the United States. A copy of the relevant exclusive license agreement is attached hereto as Exhibit 3 which grants Plaintiff an exclusive right to enforce Copyrighted Works.

**Answer:** Defendants admit that the Complaint attaches a document purporting to be an exclusive license agreement as Exhibit 3. Defendants deny that Plaintiff has established an exclusive right to enforce all asserted works against all Defendants, and otherwise deny the allegations of Paragraph 26.

27. Over the years, Plaintiff has achieved significant success and market recognition worldwide for its creative works and related products. Plaintiff's flagship product is a line of building block toys (the "Mpin Products") that incorporate the sculptural works and derivative

versions of the artworks protected under the Copyrighted Works. Examples of the Copyrighted Works and genuine Mpin Products are depicted below and marketing brochures of Plaintiff's Mpin Products are attached hereto as Exhibit 4.

**Answer:** Defendants deny the allegations of Paragraph 27.

28. Plaintiff manufactures the Mpin Products with a commitment to high quality and aesthetic design. Plaintiff sells the Mpin Products wholesale to distributors, who in turn resell them globally, including in the United States and this District, through various e-commerce platforms such as TikTok Shop, Amazon and eBay, as well as in physical retail stores. Plaintiff also sells the Mpin Products directly to consumers worldwide, including in the United States and this District, through its official website at https://mpinpop.store/.

**Answer:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and therefore deny the same.

29. The success of the Mpin Products is attributable in large part to Plaintiff's substantial investments in marketing, promotion, and distribution. Plaintiff has expended considerable time, money, and resources—approximately $719,000 annually—in promoting the Mpin Products featuring the Copyrighted Works, including participation in international toy fairs. As a result, the Copyrighted Works and Mpin Products have developed substantial recognition and goodwill of inestimable value to Plaintiff.

**Answer:** Defendants deny the allegations of Paragraph 29.

30. Plaintiff has undertaken diligent efforts to protect its rights in the Copyrighted Works through registrations and other measures in China, the United States, and elsewhere. Plaintiff is the only entity authorized to manufacture, import, export, advertise, offer for sale, sell, or otherwise exploit goods incorporating the Copyrighted Works. Authorized resellers are only

11

permitted to resell the Mpin Products manufactured by Plaintiff. Plaintiff has not licensed or authorized Defendants, or any other unauthorized party, to use, reproduce, distribute, or otherwise exploit the Copyrighted Works in any manner.

**Answer:** Defendants deny the allegations of Paragraph 30.

## DEFENDANTS' ALLEGED INFRINGING ACTIVITIES

31. Neither Plaintiff nor the copyright owners/claimants of the Copyrighted Works have ever licensed or otherwise authorized Defendants to reproduce, distribute, publicly display, import, sell, offer for sale, or otherwise exploit the Copyrighted Works (or any derivative works thereof) for any purpose.

**Answer:** Defendants deny the allegations of Paragraph 31.

32. Defendants have infringed, and continue to infringe, Plaintiff's rights under 17 U.S.C. § 106 by reproducing, distributing, publicly displaying, offering for sale, selling, importing into the United States (including this District), and/or shipping the Infringing Products. The Infringing Products consist of building block toys that either directly copy the Copyrighted Works or incorporate unauthorized derivative versions thereof. Defendants conduct these infringing activities through their online TikTok Shops (the "Internet Stores"). Webpages of Internet Stores featuring the Infringing Products, almost all of which are exact copies to Copyrighted Works, are attached hereto as Exhibit 5.

**Answer:** Defendants deny the allegations of Paragraph 32.

33. Upon information and belief, Defendants market, advertise, offer for sale, and sell the Infringing Products to consumers in the United States, including within the Northern District of Illinois, via the TikTok Shop platform and potentially other third-party online retailers. Defendants design their Internet Stores and product listings to misleadingly appear as authorized

12

sellers of genuine Mpin Products, thereby facilitating further infringement. Defendants additionally reproduce and publicly display the Copyrighted Works (or copies thereof) by creating and posting images and videos on their associated TikTok social media accounts that feature the Infringing Products. Defendants' Internet Stores further create an illusion of legitimacy through the use of indicia of authenticity, security badges, and other design elements commonly associated with authorized retailers, thereby inducing consumer confusion and additional sales.

**Answer:** Defendants deny the allegations of Paragraph 33.

**34.** The Infringing Products are manufactured by or sourced from Defendant No. 4. Upon information and belief, one of Defendant No. 4's former majority shareholders, Minbo ZHANG, is the sole shareholder of Ningbo East Future Imp & Exp Co., Ltd. ("East Future"). Plaintiff supplied genuine Mpin Products (based on the Copyrighted Works) to East Future beginning in July 2024.

**Answer:** Defendants deny the allegations of Paragraph 34.

**35.** Upon information and belief, Defendants are centrally managed and controlled by East Future and/or its affiliates or associates, who knowingly reproduced and/or directed the copying of the Copyrighted Works and arranged for Defendants to import, distribute, offer for sale, and sell the Infringing Products in the United States.

**Answer:** Defendants deny the allegations of Paragraph 35.

**36.** Upon information and belief, Defendants No. 4 and No. 5 fraudulently obtained U.S. copyright registrations by falsely claiming authorship and originality over certain artworks that are derivative of or identical to Plaintiff's Copyrighted Works. The details of Fraudulent Copyright Registrations are attached as Exhibit 6.

13

**Answer:** Paragraph 36 is directed to Defendants No. 4 and No. 5. No response is required from Defendants. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 and therefore deny the same.

37. Defendant No. 5 has misused these Fraudulent Copyright Registrations to submit DMCA takedown notices against Plaintiff's authorized resellers on the TikTok Shop platform, resulting in wrongful removal of legitimate listings of authentic Mpin Products. See Exhibit 7. Such conduct constitutes misrepresentation under 17 U.S.C. § 512(f) and further evidences Defendants' willful infringement and bad faith.

**Answer:** Paragraph 37 is directed to Defendant No. 5 and concerns alleged conduct by Defendants No. 4 and No. 5. No response is required from Defendants. To the extent a response is deemed required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and therefore deny the same.

## COUNT I – COPYRIGHT INFRINGEMENT

38. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

**Answer:** As to the allegations in Paragraph 38, Defendants repeat and reiterate each and every one of the foregoing answers to the allegations of the Complaint with the same force and effect as though fully set forth herein.

39. Plaintiff holds exclusive rights in the Copyrighted Works under 17 U.S.C. § 106, including, without limitation, the rights to reproduce the Copyrighted Works in copies or phonorecords, to prepare derivative works based upon the Copyrighted Works, to distribute

14

copies of the Copyrighted Works to the public by sale or other transfer of ownership or by rental, lease, or lending, and to publicly display the Copyrighted Works.

**Answer:** Paragraph 39 states legal conclusions concerning the scope of rights under 17 U.S.C. § 106 to which no answer is required. To the extent an answer is required, Defendants deny that Plaintiff has established exclusive enforceable rights against Defendants as alleged.

**40.** Defendants had access to the Copyrighted Works prior to offering for sale and selling the Infringing Products, as Plaintiff supplied genuine Mpin Products (incorporating the Copyrighted Works) to Defendants' associated entities, including Ningbo East Future Imp & Exp Co., Ltd.

**Answer:** Defendants deny the allegations of Paragraph 40.

**41.** Without permission, authorization, license, or consent from Plaintiff or the copyright owners, Defendants have infringed—and continue to infringe—Plaintiff's exclusive rights under 17 U.S.C. § 501 by reproducing, preparing derivative works from, distributing, and publicly displaying the Copyrighted Works (or substantial portions thereof) through the sale, offer for sale, importation, and shipment of the Infringing Products via their TikTok Shops and associated online platforms.

**Answer:** Defendants deny the allegations of Paragraph 41.

**42.** Upon information and belief, Defendants have directly copied substantial portions— or in some instances nearly the entirety—of the Copyrighted Works for use in the Infringing Products. In the alternative, the Infringing Products (including their packaging, designs, images, and depictions) are strikingly similar to, or at a minimum substantially similar to, the Copyrighted Works in protected expression, such that an ordinary observer would conclude that Defendants copied original, protectable elements of the Copyrighted Works. These similarities

15

are not the result of independent creation but constitute unauthorized reproduction, distribution, preparation of derivative works, and/or public display.

**Answer:** Defendants deny the allegations of Paragraph 42.

43. As one illustrative example (among many), Defendants have used unauthorized copies or derivatives of the Copyrighted Works to deceive consumers, as demonstrated by the following representative comparisons: (pictures omitted)

**Answer:** Defendants deny the allegations of Paragraph 43.

44. As a direct and proximate result of Defendants' acts of copyright infringement, Defendants have obtained—and continue to obtain—profits and revenues they would not otherwise have realized. Plaintiff is entitled to disgorgement and recovery of Defendants' actual profits attributable to the infringement pursuant to 17 U.S.C. § 504(b).

**Answer:** Defendants deny the allegations of Paragraph 44.

45. As a further result of Defendants' infringement of Plaintiff's exclusive rights under the Copyright Act, Plaintiff is entitled to recover its actual damages and/or Defendants' profits (or with respect to the federally registered Copyrighted Works, statutory damages where available under 17 U.S.C. § 504(c)), as well as costs and, to the extent applicable, reasonable attorney's fees pursuant to 17 U.S.C. § 505.

**Answer:** Defendants deny the allegations of Paragraph 45.

46. Defendants' ongoing and willful infringement is causing—and, unless enjoined and restrained by this Court, will continue to cause—Plaintiff irreparable injury that cannot be fully compensated by monetary damages alone. Plaintiff has no adequate remedy at law. Accordingly, pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to preliminary and permanent injunctive relief prohibiting Defendants from further infringing the Copyrighted Works, and

requiring Defendants to destroy (or deliver up for destruction) all infringing copies, reproductions, derivatives, and materials embodying the Copyrighted Works (including inventory, packaging, promotional materials, and digital files).

**Answer:** Defendants deny the allegations of Paragraph 46.

## COUNT II – DECLARATORY JUDGMENT FOR INVALIDATION OF DEFENDANTS' COPYRIGHT REGISTRATIONS

47. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

**Answer:** As to the allegations in Paragraph 47, Defendants repeat and reiterate each and every one of the foregoing answers to the allegations of the Complaint with the same force and effect as though fully set forth herein.

48. An actual and substantial controversy exists between Plaintiff and Defendants No. 4 and No. 5 concerning the validity and enforceability of forty-one (41) U.S. copyright registrations (the "Fraudulent Copyright Registrations") obtained by Defendants No. 4 and No. 5 from the United States Copyright Office, as detailed in Exhibit 6. Upon information and believe, these registrations purport to claim original authorship and ownership over works that are, in reality, direct copies and/or unauthorized derivative versions of Plaintiff's Copyrighted Works.

**Answer:** Paragraph 48 is directed solely to Defendants No. 4 and No. 5. No response is required from Defendants. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 48.

49. Upon information and belief, the Fraudulent Copyright Registrations reproduce—without authorization—the exact or nearly identical creative expression, visual elements, structure, and overall composition of the Copyrighted Works (or substantial protectable portions

17

thereof). Defendants No. 4 and No. 5 knowingly submitted applications containing false statements regarding authorship, originality, and the nature of the works, misrepresenting them as original creations rather than copies or non-original derivatives of Plaintiff's pre-existing works. These misrepresentations were material to the Copyright Office's decision to register the works and were made with knowledge of their falsity or reckless disregard for the truth.

**Answer:** Paragraph 49 is directed solely to Defendants No. 4 and No. 5. No response is required from Defendants. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 49.

**50.** The Fraudulent Copyright Registrations are invalid and unenforceable because: (a) the registered works lack the requisite originality under 17 U.S.C. § 102(a), as they consist of unauthorized copies or non-creative derivatives of Plaintiff's Copyrighted Works; and (b) they were procured through the knowing inclusion of inaccurate and material information in violation of 17 U.S.C. § 411(b). Plaintiff is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 declaring that the Fraudulent Copyright Registrations are void, invalid, unenforceable, of no legal effect, and should be disregarded or cancelled by the United States Copyright Office. WILLFUL INFRINGEMENT

**Answer:** Paragraph 50 is directed solely to Defendants No. 4 and No. 5. No response is required from Defendants. To the extent a response is deemed required, Defendants deny the allegations of Paragraph 50.

## WILLFUL INFRINGEMENT

**51.** Upon information and belief, Defendants had actual knowledge of the Copyrighted Works prior to and throughout their infringing activities. Defendants were centrally managed and controlled by or closely associated with Ningbo East Future Imp & Exp Co., Ltd. ("East

Future"), one of Plaintiff's former clients to whom Plaintiff supplied genuine Mpin Products incorporating the Copyrighted Works. As such, Defendants had direct access to, and were fully aware of, the Copyrighted Works before commencing sales of the Infringing Products.

**Answer:** Defendants deny the allegations of Paragraph 51.

**52.** In or around July 2025, Plaintiff provided Defendants with actual notice of their infringement through Defendants' customer service chat function on their TikTok Shops, specifically identifying the Copyrighted Works, the Infringing Products, and the unauthorized use thereof. Despite this clear warning, Defendants failed to respond, cease their infringing activities, or take any remedial steps. The infringement has continued unabated as of the filing of this Complaint.

**Answer:** Defendants deny the allegations of Paragraph 52.

**53.** Defendants' continued reproduction, distribution, offering for sale, sale, importation, and public display of the Infringing Products—despite actual knowledge of Plaintiff's rights and the infringing nature of their conduct—demonstrates reckless disregard for, or willful blindness to, Plaintiff's exclusive rights under the Copyright Act. Defendants' actions constitute willful copyright infringement. PRAYER FOR RELIEF

**Answer:** Defendants deny the allegations of Paragraph 53.

## PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in Paragraph 54 or any of its subparts.

## AFFIRMATIVE DEFENSES

19

Defendants incorporate by reference the foregoing answers as though fully set forth herein and assert the following affirmative defenses. Defendants reserve the right to amend these defenses and to assert additional defenses as discovery proceeds.

**First Affirmative Defense**
**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted against Defendants.

**Second Affirmative Defense**
**(Lack of Standing / Lack of Exclusive Enforceable Rights)**

Plaintiff lacks standing, in whole or in part, because it has not established ownership of, or an exclusive enforceable right in, the asserted copyrights sufficient to sue Answering Defendants.

**Third Affirmative Defense**
**(Invalidity / Unenforceability / Lack of Valid Copyright Protection)**

Plaintiff's asserted copyrights are invalid, unenforceable, not entitled to the presumptions Plaintiff seeks to invoke, inadequately authenticated, and/or otherwise insufficient to support the claims asserted against Answering Defendants.

**Fourth Affirmative Defense**
**(Non-Infringement)**

Answering Defendants have not infringed, directly, contributorily, vicariously, or otherwise, any valid and enforceable copyright or other right asserted by Plaintiff.

**Fifth Affirmative Defense**
**(No Copying / No Substantial Similarity)**

Plaintiff cannot show copying of protectable expression, substantial similarity, or actionable use of any protected work by Answering Defendants.

**Sixth Affirmative Defense**
**(First Sale / Exhaustion / Authorized Goods)**

20

To the extent any accused products were genuine products lawfully acquired from Plaintiff or Plaintiff's distribution chain, or were otherwise authorized for resale, Plaintiff's claims are barred in whole or in part by the first-sale doctrine, exhaustion, consent, license, and/or related doctrines.

### Seventh Affirmative Defense
### (No Willful Infringement)

Plaintiff cannot establish willful infringement or any basis for enhanced statutory damages, attorney's fees, or other aggravated relief as to Answering Defendants.

### Eighth Affirmative Defense
### (No Irreparable Harm / No Injunctive Relief)

Plaintiff is not entitled to temporary, preliminary, or permanent injunctive relief because it cannot establish irreparable harm, inadequacy of legal remedies, or that the balance of equities and public interest favor such relief.

### Ninth Affirmative Defense
### (Estoppel / Waiver / Acquiescence / Consent / License)

Plaintiff's claims are barred, in whole or in part, by estoppel, waiver, acquiescence, consent, license, laches to the extent applicable, and/or related equitable doctrines.

### Tenth Affirmative Defense
### (Unclean Hands / Copyright Misuse / Bad-Faith Enforcement)

Plaintiff's claims are barred, in whole or in part, by unclean hands, copyright misuse, and/or bad-faith enforcement conduct.

### Eleventh Affirmative Defense
### (Failure to Mitigate)

Plaintiff's recovery, if any, is barred or reduced because Plaintiff failed to mitigate its alleged damages.

### Twelfth Affirmative Defense

**(No Exceptional Case / Fees and Costs Barred)**

This is not an exceptional case, and Plaintiff is not entitled to attorney's fees, enhanced remedies, or costs beyond those authorized by law.

**Thirteenth Affirmative Defense**
**(Lack of Originality / Unprotectable Subject Matter)**

Plaintiff's claims are barred, in whole or in part, because the elements Plaintiff seeks to protect are not original, are commonplace, stock, standard, generic, dictated by function, merged with the underlying idea, belong to the public domain, and/or otherwise fall outside the scope of protectable expression under the Copyright Act.

**Fourteenth Affirmative Defense**
**(Authorship Inconsistency as to Alleged Foreign Copyrighted Works)**

Plaintiff's claims based on the alleged Foreign Copyrighted Works are barred, in whole or in part, because Plaintiff's own allegations and supporting materials materially conflict as to authorship and ownership of those works, and Plaintiff therefore cannot establish a coherent and enforceable authorship basis for relief.

## COUNTERCLAIM

Counterclaim-Plaintiffs Sentk LLC, J & Y Stucco LLC, and Heyblack International Trade Inc. (collectively, the "Counterclaim-Plaintiffs"), by and through undersigned counsel, assert the following Counterclaim against Counterclaim-Defendant Lishui Mpin Toys Co., Ltd. ("Plaintiff" or "Counterclaim-Defendant"):

### JURISDICTION AND VENUE

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

2. This Court has subject matter jurisdiction over this Counterclaim under 28 U.S.C. §§ 1331 and 1338(a) because this Counterclaim arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq.

3. This Court has personal jurisdiction over Counterclaim-Defendant at least because Counterclaim-Defendant initiated this action in this District and thereby submitted itself to the jurisdiction of this Court with respect to compulsory and closely related counterclaims.

4. Venue is proper in this District under 28 U.S.C. § 1391 because Counterclaim-Defendant filed this action in this District and because the controversy giving rise to this Counterclaim is part of the same case or controversy as Plaintiff's claims.

### COUNTERCLAIM I
### (Declaratory Judgment of Invalidity and/or Unenforceability of Plaintiff's Asserted U.S. Copyright Registrations)

5. Counterclaim-Plaintiffs repeat and reallege the foregoing allegations of their Answer and Affirmative Defenses as if fully set forth herein.

6. An actual, continuing, and justiciable controversy exists between Counterclaim-Plaintiffs and Counterclaim-Defendant concerning the validity and enforceability of the U.S. copyright registrations Counterclaim-Defendant asserts in this action, including Registration Nos. VA 2-470-124 (MPIN MOLI), VA 2-470-121 (VEX MOLI), VA 2-470-126 (MOON MOLI),

23

VA 2-470-123 (LOVE MOLI), and VA 2-476-826 (BIRTHDAY MOLI). Counterclaim-Defendant has sued Counterclaim-Plaintiffs for copyright infringement based on those registrations and seeks injunctive and monetary relief.

7. Counterclaim-Defendant alleges in its Complaint that "[t]he authors of the Copyrighted Works include Ms. Yan He and Mr. Jiuzhou Liu" and that, "[b]eginning in 2007, they created a series of 2-D and sculptural artworks featuring bears and other figures." Counterclaim-Defendant further alleges that it is not itself the author, but instead received an exclusive license from the copyright owners/authors to commercialize, exploit, and enforce the Copyrighted Works.

8. Counterclaim-Defendant's own registration record does not match that authorship and ownership theory. As reflected in the materials Counterclaim-Defendant itself placed before this Court, the U.S. registration certificates for MPIN MOLI, VEX MOLI, MOON MOLI, and LOVE MOLI identify Yan He alone as author and claimant, while the Chinese registration materials Counterclaim-Defendant simultaneously relies upon repeatedly identify Liu Jiuzhou alone as the author and copyright holder of the foreign works Counterclaim-Defendant presents as part of the same asserted body of copyrighted works.

9. Thus, Counterclaim-Defendant's own pleadings and registration materials reflect materially inconsistent statements concerning authorship, ownership, and chain of title. On the one hand, Counterclaim-Defendant alleges that the Copyrighted Works were created by both Yan He and Jiuzhou Liu. On the other hand, the U.S. registrations largely identify Yan He alone, while the Chinese registration materials identify Liu Jiuzhou alone.

10. Copyright ownership initially vests in the author or authors of the work, and the authors of a joint work are co-owners of copyright in the work. A copyright application must

24

identify the author or authors of the work. To the extent Counterclaim-Defendant knowingly caused inaccurate information concerning authorship, ownership, originality, and/or chain of title to be submitted to the United States Copyright Office, the asserted U.S. registrations are invalid and/or unenforceable under 17 U.S.C. § 411(b).

11. Upon information and belief, Counterclaim-Defendant knowingly submitted, or knowingly caused to be submitted, inaccurate and material information to the United States Copyright Office concerning one or more of the asserted U.S. registrations, including inaccurate information regarding authorship, ownership, and/or originality.

12. Upon information and belief, those inaccuracies were material. If the Register of Copyrights had known the true facts concerning authorship, ownership, originality, and/or the nature of the registered works, the Register would have refused registration of one or more of the asserted U.S. registrations.

13. Counterclaim-Defendant's own Complaint confirms that it seeks to offensively enforce those same registrations in this case while simultaneously asserting a conflicting authorship and licensing theory. This has created an actual, immediate, and substantial controversy between the parties concerning whether Counterclaim-Defendant may lawfully rely on those registrations in this action.

14. Counterclaim-Plaintiffs are entitled to a declaratory judgment under 28 U.S.C. § 2201 that the asserted U.S. copyright registrations are invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, Counterclaim-Plaintiffs respectfully pray that the Court enter judgment in their favor and award the following relief against Counterclaim-Defendant:

25

a. Declare that Counterclaim-Defendant's asserted U.S. copyright registrations are invalid and/or unenforceable;

b. In the alternative, request the advice of the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2) and thereafter declare that Counterclaim-Defendant may not enforce any registration found to have been procured through knowing and material inaccuracies;

c. dismiss Plaintiff's infringement claims to the extent they rely on any invalid or unenforceable registrations;

d. Award Counterclaim-Plaintiffs their costs and such other and further relief as the Court deems just and proper;

**DEMAND FOR JURY TRIAL**

Counterclaim-Plaintiffs hereby demand trial by jury on all issues so triable raised by Counterclaim-Defendant's Complaint or by this Answer and Counterclaim.

Date: March 30, 2026 /s/ Wei Wang

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
wei.wang@glacier.law
212-729-5073

***Attorney for Counterclaim-Plaintiffs***