## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Lishui Mpin Toys Co., Ltd., | § |
| | § CASE No: 1:26-cv-945 |
| *Plaintiff,* | § |
| | § |
| v. | § |
| | § |
| Sentk LLC, | § |
| J & Y Stucco LLC, Heyblack International | § |
| Trade Inc., Shenzhen Yongsheng | § |
| Technology Co., Ltd., and Qin Lu. | § |
| | § |
| *Defendants.* | § |

### DEFENDANTS' MOTION TO DISMISS

Defendants Shenzhen Yongsheng Technology Co., Ltd ("Yongsheng"), and Qin Lu (collectively with Yongsheng as "Defendants"), by and through undersigned counsel, move under Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff, Lishui Mpin Toys Co., Ltd.'s ("Plaintiff") claims against them for lack of personal jurisdiction.

### I.    INTRODUCTION

Plaintiff seeks to hale two foreign defendants—Yongsheng, a Chinese company, and Qin Lu, a Chinese resident—into an Illinois federal court even though Plaintiff does not plausibly allege Illinois-directed conduct by either of them. As to Yongsheng, Plaintiff alleges only that it is a Chinese manufacturer or supplier of products later sold by the TikTok store defendants. But Plaintiff does not allege that Yongsheng itself operated any Illinois-facing storefront, maintained any office, employees, property, inventory, or registration in Illinois, or controlled shipments into Illinois. Qin Lu's declaration confirms the absence of those contacts. That is not enough. Specific jurisdiction must rest on the defendant's own suit-related contacts with the forum, not on collective allegations, downstream sales by others, or the plaintiff's Illinois connections. Here, Plaintiff relies

1

on group pleading and a generalized theory that Yongsheng was an upstream factory or supplier. That does not show that Yongsheng purposefully directed any suit-related activity at Illinois.

The allegations against Qin Lu fail for the same reason. Plaintiff alleges only that she is Yongsheng's executive director and that she caused certain copyright registrations and DMCA notices to be submitted. But Plaintiff does not allege that Qin Lu herself purposefully directed suit-related conduct at Illinois, and her declaration confirms that she does not reside in Illinois or personally conduct regular business operations there. Plaintiff's fallback reliance on Rule 4(k)(2) also fails. Qin Lu identifies Texas as a state in which this suit may proceed and consents to personal jurisdiction there, including in the Northern District of Texas. Because Plaintiff has not established personal jurisdiction over either Yongsheng or Qin Lu in this Court, the claims against them should be dismissed without prejudice.

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(2) tests whether a federal court has personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2); *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020). Where, as here, a defendant moves to dismiss under Rule 12(b)(2), Plaintiff "bears the burden of demonstrating the existence of jurisdiction." *Alipourian-Frascogna v. Etihad Airways*, No. 21-CV-0001, 2022 WL 847559, at *2 (N.D. Ill. Mar. 22, 2022). With multiple defendants, Plaintiff must "establish[] personal jurisdiction over each of the defendants." *Smith v. Cuckler*, No. 3:17-CV-956-RLM-MGG, 2018 WL 11445933, at *1 (N.D. Ind. May 7, 2018). Indeed, the Supreme Court has cautioned that it is "unconstitutional" to find jurisdiction over a defendant by "considering the 'defending parties' together and aggregating their forum contacts in determining whether [the court] ha[s] jurisdiction." *Rush v. Savchuk*, 444 U.S. 320, 331 (1980). The Seventh Circuit has cautioned that "once the defendant has submitted affidavits or

2

other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir.2003).

"In a case involving federal question jurisdiction, 'a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant.' " *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022) (quoting Curry, 949 F.3d at 393). "[T]he presence of a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, does not supply a basis for acquiring personal jurisdiction." *Tamburo v. Dworkin*, 601 F.3d 693, 701 n.6 (7th Cir. 2010).

For a court's exercise of personal jurisdiction over an out-of-state defendant to comply with the requirements of the Due Process Clause, the defendant must have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The Due Process Clause authorizes two forms of personal jurisdiction: general all-purpose jurisdiction, and specific or case-linked jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

### III.    ARGUMENT

**A.  The Court Has No General Personal Jurisdiction over Defendants.**

General jurisdiction exists when the defendant has "continuous and systematic" contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 416 (1984); *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir.2002). If such contacts exist, "the court may exercise personal jurisdiction over the defendant even in cases that do not arise out of and are not related to the defendant's forum contacts." *Hyatt Int'l*, 302 F.3d at 713.

Here, Plaintiff is plainly aware that Defendant Yongsheng is a corporation registered and located in China. *See* Dkt. 1, ¶9. Plaintiff is further aware that Defendant Qin Lu is a natural person who resides in China. *Id*., at ¶10. As such, Defendants are not "at home" in this forum and this Court lacks general personal jurisdiction over Defendants. *Goodyear*, 564 U.S. at 919 (General jurisdiction exists where a defendant has affiliations with the State that "are so continuous and systematic as to render [the defendant] essentially at home in the [State]."). Consistent with that, Defendants have no offices, property, places of business, employees, warehouse in Illinois. *See* Qin Decl. ¶¶3-23.

Accordingly, the Court lacks general jurisdiction over Defendants.

**B. The Court Has No Specific Personal Jurisdiction over Defendant Yongsheng.**

Specific personal jurisdiction requires "minimum contacts" between the defendant and the forum state, i.e., " 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.' " *See In re Sheehan*, 48 F.4th 513, 522 (7th Cir. 2022). The Seventh Circuit has stated the following requirements for specific personal jurisdiction: (1) the defendant must purposefully direct its activities at the forum state or purposefully avail itself of the privilege of conducting business in the forum state; (2) the injury alleged by the plaintiff must arise out of or relate to the defendant's activities in the forum state; and (3) the Court's exercise of specific personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Id*. As to the first requirement for specific personal jurisdiction, the Court focuses on the acts of the defendant and not those of the plaintiff or third parties. *Id*. at 522-23. The defendant's relationship with the forum state must arise out of its contacts with the forum state. *Id*.

The stream of commerce theory of personal jurisdiction "refers to the movement of goods from manufacturers through distributors to consumers." *J. McIntyre Machinery, Ltd. v. Nicastro*,

4

131 S.Ct. 2780, 2788 (2011). Merely putting goods into the stream of commerce via a distributor is insufficient, without more, to show that a defendant purposefully directed its activities to Illinois. *Id*. Thus, the Supreme Court has held that there was no personal jurisdiction over a foreign defendant who utilized a United States distributor to sell goods in the United States but did not target the forum state. *Id. at 2788* (holding that "[t]he defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State.").

To determine if a defendant's conduct meets this standard, courts must conduct an individualized assessment. *Id.* at 2790. In *Nicastro*, a distributor agreed to sell the defendant's metal shearing machine in the United States, employees of the defendant attended trade shows in several States but not in the forum state, and "up to four machines ended up in [the forum state]." *Id*. at 2790. The Court found that this was insufficient to establish personal jurisdiction because the defendant did not advertise in the forum state and its only connection with the forum state was the four machines that ended up there. *Id*. As the Court explained, "[t]hese facts may reveal an intent to serve the U.S. market, but they do not show that [the defendant] purposefully availed itself of the [forum state's] market." *Id*.

Here, Plaintiff has not alleged facts showing that Yongsheng purposefully directed its activities to Illinois. At most, Plaintiff alleges that Yongsheng is a Chinese company located in Shenzhen and that it was a manufacturer or supplier of products later sold by the TikTok store defendants. That is not enough. Plaintiff does not allege that Yongsheng operated any Illinois-facing storefront, maintained any office, property, employees, bank accounts, inventory, or registration in Illinois, advertised or marketed to Illinois consumers, sent personnel to Illinois, or

itself controlled or directed shipments into Illinois. To the contrary, Qin Lu's declaration states that Yongsheng does not maintain an office in Illinois, does not own or lease property in Illinois, does not maintain Illinois bank accounts, does not have Illinois-based employees, is not registered to do business in Illinois, does not itself sell products to U.S. consumers through TikTok, and does not itself arrange, control, or direct shipments to the United States or Illinois. *See* Qin Decl. ¶¶3-10. Plaintiff also does not allege that Yongsheng itself operated the TikTok stores, set prices, controlled listings, received proceeds from Illinois sales, or directed shipments into Illinois. Nor does Plaintiff allege any Illinois-specific contract, communication, travel, advertising, or enforcement activity by Yongsheng itself. On this record, the most Plaintiff has alleged is that Yongsheng may have been an upstream factory or supplier. But merely being a foreign manufacturer whose goods allegedly entered the stream of commerce through others does not establish that the manufacturer itself targeted Illinois. *See Nicastro*, 131 S. Ct. at 2788, 2790. Plaintiff's allegations may suggest an intent to serve some broader market through other entities, but they do not show that Yongsheng itself purposefully availed itself of the Illinois market.

Nor has Plaintiff shown that its claims arise out of Yongsheng's own Illinois-related conduct. The Complaint relies on collective allegations that Defendants 1 through 4 "manufacture, offer for sale, sell, and ship" the accused products, but such group pleading does not identify any Illinois-directed act by Yongsheng itself. Specific jurisdiction must rest on the defendant's own suit-related contacts with the forum, not on the acts of third parties or on the unilateral conduct of downstream sellers. *In re Sheehan*, 48 F.4th at 522–23. Because Plaintiff has not alleged facts showing that Shenzhen Yongsheng itself targeted Illinois, and because the unrebutted declaration establishes the absence of such contacts, the Court lacks specific personal jurisdiction over Shenzhen Yongsheng under Illinois's long-arm statute.

6

**C. The Court Has No Specific Personal Jurisdiction over Defendant Qin Lu.**

**1. No Illinois-Specific Personal Jurisdiction Exists Over Qin Lu.**

Plaintiff has not plausibly alleged facts sufficient to establish specific personal jurisdiction over Defendant Qin Lu under Illinois's long-arm statute. The Complaint alleges only that Qin Lu is the "executive director" of Defendant Yongsheng, and that she "caused" certain copyright registrations to be filed with the U.S. Copyright Office and submitted DMCA takedown notices to U.S.-based e-commerce platforms. Dkt. 1 ¶ 21. Those allegations do not show that Qin Lu herself purposefully directed suit-related conduct at Illinois.

Courts in this District have rejected Illinois-specific personal jurisdiction in materially similar e-commerce competitor cases where the plaintiff sought declaratory relief arising from online marketplace complaints or other alleged IP-enforcement conduct. In *Shenzhen Wanfan Tech. Co. Ltd. v. Orbital Structures Pty Ltd.*, the court held that Illinois-specific jurisdiction was lacking even though the foreign defendant's conduct allegedly affected the plaintiff's Illinois sales and even though the defendant had used an Illinois-based lawyer in connection with a USPTO filing; the court found those contacts either plaintiff-focused or merely fortuitous. 2024 WL 325339, at *3–4. Likewise, in *Shenzhen Zhifu Network Tech. Co., Ltd. v. Core Home Fitness, L.L.C.*, the court dismissed for lack of personal jurisdiction where the relevant conduct was the defendant's patent-enforcement activity directed to online retailers, not any Illinois sales activity. 2025 WL 405080, at *3. And in *Kaiher Technology Co., Ltd. v. SCAN2CAD Inc.*, the court again held that a defendant could not be haled into Illinois merely because both sides sold products to Illinois customers; the conduct at issue was the defendant's allegedly improper submission of a patent infringement claim to Amazon, which occurred outside Illinois. 2025 WL 2076666, at *2–3.

Those decisions fit this case. The conduct Plaintiff challenges as to Qin Lu is not any Illinois-directed business activity by Qin Lu personally, but rather her alleged role in nationwide copyright

registrations and DMCA submissions. Yet Plaintiff does not allege that Qin Lu resides in Illinois, owns property in Illinois, maintains an office in Illinois, or personally conducts regular business operations in Illinois. To the contrary, Qin Lu has declared that she has not resided in Illinois, does not own or lease property there, does not maintain an office there, and does not personally conduct regular business operations there. *See* Qin Decl, ¶¶11-23. Plaintiff's reference to Qin Lu as a "major shareholder" of Yongsheng adds nothing. Stock ownership or corporate affiliation, without more, is not a sufficient basis for personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). Because Plaintiff does not plead alter-ego facts or Illinois-directed conduct by Qin Lu personally, her alleged shareholder status cannot support specific personal jurisdiction.

Nor can Plaintiff establish Illinois-specific jurisdiction by pointing to alleged effects on Plaintiff's sales in Illinois or to the fact that other Defendants allegedly sold products into Illinois. The minimum-contacts inquiry is defendant-focused, and a nonresident defendant cannot be subjected to specific jurisdiction based solely on the plaintiff's Illinois connections or on another party's forum contacts. As this District has repeatedly recognized in analogous declaratory-judgment and online-marketplace cases, the relevant question is whether the moving defendant herself purposefully directed the challenged conduct at Illinois. *Shenzhenshi qilehuikejiyouxiangongsi v. Oralic Supplies, Inc.*, No. 25 C 3451, 2025 WL 3736872, at *2 (N.D. Ill. Sept. 25, 2025) (citing *Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012)). Plaintiff has not made that showing here.

Accordingly, the Court cannot exercise specific personal jurisdiction over Qin Lu under Illinois's long-arm statute.

**2. There Is No Personal Jurisdiction Over Qin Lu under Rule 4(k)(2).**

Plaintiff alleges that the Court may exercise jurisdiction over Defendant Qin Lu pursuant to Federal Rule of Civil Procedure 4(k)(2). See Dkt. 1, ¶21. Rule 4 provides: For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws. Fed. R. Civ. P. 4(k)(2). "Rule 4(k)(2) has sometimes been described as 'function[ing] as a sort of federal long-arm statute.' " *Orbital Structures*, 2024 WL 325339, at \*4 (quoting *CSB Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 844 (N.D. Ill. 2009)). "The provision was added 'to cover persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction.' " *Id*. (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001)). Four conditions must be present for a district court to exercise jurisdiction pursuant to Rule 4(k): "(1) the plaintiff's claims must be based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction must be consistent with the laws of the United States; and (4) the exercise of jurisdiction must be consistent with the Constitution." *Cent. States, S.E. and S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).

"A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Intern*., 256 F.3d at 552. "Naming a more appropriate state would amount to a consent to personal jurisdiction there." *Id*. That is dispositive here. Qin Lu identifies **Texas** as a state in which this suit may proceed and expressly consents to personal jurisdiction there, including in the **Northern District of Texas**. Because Qin Lu has named another state in which the suit can proceed, Rule 4(k)(2) is unavailable as a matter of SeveInth Circuit law.

9

Id. The second prerequisite for Rule 4(k)(2)—that no state court of general jurisdiction may exercise jurisdiction over the defendant—is therefore absent.

In any event, Plaintiff's Rule 4(k)(2) allegations are too conclusory. The Complaint alleges only that Qin Lu, as an officer of Yongsheng, caused certain copyright registrations to be filed and submitted DMCA notices to U.S.-based platforms. Dkt. 1 ¶ 21. Plaintiff's TRO papers similarly asserted, in conclusory fashion, that Defendants Nos. 4 and 5 had purposeful contacts with the United States because they registered copyrights and filed DMCA complaints. But even under Rule 4(k)(2), the Court must still determine whether the exercise of jurisdiction is consistent with due process, looking to the defendant's contacts with the United States as a whole. Plaintiff offers no non-conclusory allegations showing that Qin Lu personally operated U.S.-facing stores, personally directed U.S. shipments, or otherwise deliberately exploited the U.S. market in her individual capacity. And Qin Lu's declaration confirms that she does not reside in Illinois and does not personally conduct regular business operations there.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's claims against Shenzhen Yongsheng Technology Co., Ltd. and Qin Lu, without prejudice, for lack of personal jurisdiction.

Date: March 30, 2026

/s/ Wei Wang

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Ste. 2529
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073
**Attorney for Defendants**

## **CERTIFICATE OF SERVICE**

I certify that on March 30, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


      /s/ Wei Wang
      Wei Wang, Esq.

11