**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **LISHUI MPIN TOYS CO., LTD.**, <br><br> Plaintiff, <br><br> *~ versus ~* <br><br> **SENTK LLC***;* <br> **J & Y STUCCO LLC***;* <br> **HEYBLACK INTERNATIONAL TRADE INC.***;* **SHENZHEN YONGSHENG TECHNOLOGY CO., LTD.***; and* <br> **QIN LU**, <br><br> Defendants. | Case No. __**1:26-cv-945**__ <br><br> **District Judge**: <br> The Honorable Matthew F. Kennelly |

**AGREED CONFIDENTIALITY ORDER**

The parties to this action have agreed to the terms of this Confidentiality Order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

**1. Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (collectively, "documents"), shall be subject to this Order concerning Confidential Information and Highly Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

**2. Confidential Information.** As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, proprietary, or financial information that the party has maintained as

1

confidential, including non-public product-design files, source files, metadata, sales data, platform records, customer or vendor information, and business records; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns, including attached schedules and forms, W-2 forms, and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; or (h) information subject to applicable privacy, data-protection, export, or foreign-law confidentiality restrictions. Information or documents that are available to the public may not be designated as Confidential Information.

A producing party may designate as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" only such Confidential Information that the producing party reasonably and in good faith believes contains highly sensitive, non-public business, financial, technical, customer, platform, source-file, metadata, supplier, manufacturing, or commercial information, the disclosure of which to another party or its business personnel would create a substantial risk of competitive or business harm. Information or documents that are available to the public may not be designated as Confidential Information or Highly Confidential Information.

**3. Designation.** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," as applicable, on the document and on all copies in a manner that will not interfere with the legibility of the document. The marking shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies, electronic images, duplicates, extracts, summaries, or descriptions that contain Confidential Information shall also be so marked to the extent reasonably practicable. The designation of a document as Confidential Information or Highly Confidential Information is a certification by an attorney or a party appearing pro se that the document contains Confidential Information or Highly Confidential Information as defined in this Order.

**4. Depositions.** Unless all parties agree on the record at the time deposition testimony is taken, deposition testimony may be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on the record at the time the testimony is taken or by written notice served no later than fourteen

days after delivery of the transcript to any party or the witness, and in no event later than sixty days after the testimony was given. Such designation shall be specific as to the portions that contain Confidential Information or Highly Confidential Information. Until the expiration of the designation period, the deposition transcript and exhibits shall be treated as Confidential Information or Highly Confidential Information. The failure to serve a timely notice of designation waives any confidentiality designation for that deposition testimony unless otherwise ordered by the Court.

**5. Protection of Confidential Material.** Confidential Information and Highly Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified below for any purpose whatsoever other than in this litigation, including any appeal thereof.

**(a)** The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information or Highly Confidential Information to any third person or entity except as set forth in this paragraph.

    **(1)** Counsel for the parties and employees of counsel who have responsibility for the action;

    **(2)** Individual parties and employees of a party, but only to the extent counsel determines in good faith that the person's assistance is reasonably necessary to the conduct of this litigation;

    **(3)** The Court and its personnel;

    **(4)** Court reporters, videographers, interpreters, and recorders engaged for depositions or other proceedings in this action;

    **(5)** Persons specifically engaged for the limited purpose of making copies of documents, organizing or processing documents, translating documents, hosting documents, or processing electronically stored information;

    **(6)** Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification attached as Attachment A;

3

**(7)** Witnesses at depositions or hearings to whom disclosure is reasonably necessary, provided that such witnesses may not retain copies of documents containing Confidential Information except as otherwise agreed or ordered;

**(8)** The author or recipient of the document, not including a person who received the document in the course of litigation; and

**(9)** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

**(b)** Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Highly Confidential Information. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for three years after final termination of this case.

**(c) Highly Confidential Information.** Information designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be disclosed only to the persons identified in Paragraphs 5(a)(1), 5(a)(3), 5(a)(4), 5(a)(5), 5(a)(6), 5(a)(8), and 5(a)(9). Highly Confidential Information may not be disclosed to any party, officer, director, employee, business representative, or other party-affiliated person under Paragraph 5(a)(2), absent written consent of the producing party or further order of the Court. Witnesses may be shown Highly Confidential Information at a deposition or hearing only if the witness is the author or recipient of the document, is otherwise shown to have lawfully received or known the information before this litigation, or disclosure is agreed by the producing party or ordered by the Court.

6. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information or Highly Confidential Information does not, standing alone, waive the right to so designate the document, provided that a failure to serve a timely notice of designation of deposition testimony as required by this Order waives protection for that deposition testimony unless otherwise ordered. If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, upon notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with this Order.

4

**7. Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information or Highly Confidential Information in connection with a motion, brief, or other submission to the Court must comply with Local Rule 26.2 and any applicable standing orders or procedures of the assigned judge. Discovery materials shall not be filed with the Court unless filed in support of or in opposition to a motion or otherwise permitted by rule or court order.

**8. No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

**9. Challenges to Designation.** The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party.

**(a)** A party challenging a confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the designating party. The challenging party must explain the basis for its belief that the designation was not proper and must give the designating party an opportunity to review the designated material, reconsider the designation, and, if no change in designation is offered, explain the basis for the designation. The designating party must respond within five business days.

**(b)** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a declaration affirming that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the material as Confidential Information or Highly Confidential Information under this Order.

**10. Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information or Highly Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the

Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

**11. Use at Trial or Hearing.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present, or anticipates that another party may present, Confidential Information or Highly Confidential Information at a hearing or trial shall bring that issue to the Court's and the parties' attention by motion or in a pretrial memorandum without publicly disclosing the Confidential Information or Highly Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial or hearing.

**12. Confidential Information or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of material designated in this action as Confidential Information or Highly Confidential Information, the receiving party must notify the designating party in writing immediately and in no event more than three court days after receiving the subpoena or order, and must include a copy of the subpoena or court order. The receiving party also must promptly inform the party who caused the subpoena or order to issue that some or all of the material is subject to this Order. The designating party shall bear the burden and expense of seeking protection in the issuing court. Nothing in this paragraph authorizes or encourages a receiving party to disobey a lawful directive from another court.

**13. Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

**14. Obligations on Conclusion of Litigation.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal. Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information or Highly Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" including copies, shall be returned to the producing party or destroyed to the extent practicable, unless the document has been offered into evidence or filed

6

without restriction as to disclosure, the parties agree otherwise, or the receiving party retains attorney work product or one complete set of filed documents as permitted below. Counsel may retain attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and one complete set of all documents filed with the Court, including those filed under seal. Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order. Filings under seal shall be deleted from the Court's electronic filing system only upon order of the Court.

**15. Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

**17. Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated: 5/19/2026        _____

                                         Judge Matthew F. Kennelly

7

**WE SO MOVE AND AGREE TO ABIDE BY THE TERMS OF THIS ORDER**

_____            _____
Signature                                  Signature

_____            _____
Printed Name                               Printed Name

**Counsel for Plaintiff**                  **Counsel for Defendants**
**Dated:** _____           **Dated:** _____

_____            _____
Signature                                  Signature

_____            _____
Printed Name                               Printed Name

**Counsel for Plaintiff**                  **Counsel for Defendants**
**Dated:** _____           **Dated:** _____

**ATTACHMENT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm, or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ Signature: _____

9