# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **LISHUI MPIN TOYS CO., LTD.**, <br><br> Plaintiff, <br><br> *~ versus ~* <br><br> **SENTK LLC***;* <br> **J & Y STUCCO LLC***;* <br> **HEYBLACK INTERNATIONAL TRADE INC.***;* **SHENZHEN YONGSHENG TECHNOLOGY CO., LTD.***; and* <br> **QIN LU***,* <br><br> Defendants. | Case No.  **1:26-cv-945** <br><br> **District Judge**: <br> The Honorable Matthew F. Kennelly <br><br> **Magistrate Judge**: <br> The Honorable Albert Berry, III |

## JOINT STATUS REPORT

Pursuant to the Court's June 26, 2026, Minute Entry (ECF 65), the parties respectfully submit this Joint Status Report to update the Court regarding the status of discovery.

### I.    Progress of Discovery

Plaintiff States: As discussed in the June 25, 2026 (ECF 64) Status Report, Depositions took place in Hong Kong on the week of June 9, 2026.  The parties have since discussed the failure by the three (3) U.S. corporate defendants (as Plaintiff sees it; Defendants disagree) to provide a corporate representative with knowledge.

Defendants State: On July 13, 2026, Defendants confirmed their corporate representative's availability for a deposition on July 20, 2026, in Hong Kong. On the morning of July 14, 2026, immediately upon learning of the issue, Defendants notified Plaintiff's counsel that

1

the witness would be unable to attend because the processing time for his Exit-Entry Permit for Travelling to and from Hong Kong and Macao, which ordinarily takes only a few days, was unexpectedly estimated at approximately twenty days. Plaintiff's counsel advised that he was already en route to Hong Kong, nearly a week before the scheduled deposition date, apparently to attend other meetings. Defendants have agreed to produce their corporate representative for deposition promptly upon issuance of the travel permit and before the close of discovery. Defendants have further agreed that Plaintiff may serve a supplemental set of requests for admission and interrogatories, to which Defendants will respond expeditiously..

The Parties have met and conferred in an attempt to resolve the discovery disputes and at least crystallize the scope of those disputes as directed by the Court in the June 26, 2026 Minute Entry (ECF 65) that was not successful. Defendant believes that some or most of the disputes will be resolved by the additional corporate deposition that is being taken by Plaintiffs during the fact discovery period.

### a. Plaintiff's Position on Discovery

As discussed in Motions for Sanctions and the Motion to Compel filed by the Plaintiff on June 20, 2026; the Defendants have separately destroyed the devices on which all of the key evidence of infringement and willfulness was kept.

The Plaintiff moved for sanctions in the nature of a Default against the Defendants for having destroyed all of the key evidence, or in the alternative, an adverse finding as to infringement and willfulness (ECF 68 and 69). Plaintiff also moved for sanctions for the failure of each corporate defendant to produce a witness with knowledge (ECF 70 and 71). Notably, the Defendants have not yet moved for Sanctions for the cancelled replacement Deposition, which is a separate issue.

Last, the Plaintiff moved to Compel the production of the outstanding discovery, again, as discussed more fully in the Motion to Compel (ECF 72).

### b. Defendants' Position on Discovery

Defendants have provided all relevant and responsive materials in their possession, custody, and control, and in good faith have agreed to provide an additional corporate designee during the fact discovery period to address Plaintiff's complaints about allegedly unprepared witnesses. Notably, after taking the first set of corporate depositions, the Plaintiff decided to serve a listing of topics it was interested in exploring; it did not do so for the first set of depositions. Defendants are confident that the additional corporate designee will provide the Plaintiff with the answers to the questions it seeks.

Defendants oppose the request for sanctions, and has worked in good faith to provide Plaintiff with the discovery it believes it needs. Any travel, almost a full week before the scheduled deposition, was both unnecessary (Defendants conducted and defended the prior depositions remotely with no issues) and appears to have been for other purposes than just the deposition of Defendants' corporate representative. Sanctions are not appropriate here; Plaintiff sued Chinese defendants, and those defendants' representatives are working with the respective governments to secure travel documentation needed to appear for depositions in this case.

### II. Progress of Settlement

#### a. Plaintiff's Position on Settlement

Despite the destruction of key evidence and Defendant's failure to disclose financial records, including historical listing data for listings that may have been removed or deactivated,

Plaintiff served an initial settlement demand on June 23, 2026, based on the limited information then available. To date, Defendant has neither responded to Plaintiff's settlement demand nor presented a counteroffer. As of the filing of this Joint Status Report, the parties are not engaged in active settlement negotiations.

### b. Defendants' Position on Settlement

Defendants will continue to discuss settlement in good faith and respond to Plaintiff's settlement demand.

The Parties appreciate the Honorable Court's careful attention to this case and will continue to keep the Court apprised of all progress.

DATED: July 21, 2026

**RESPECTFULLY SUBMITTED,**

**For the Plaintiff**
/s/ Baruch Gottesman
Baruch Gottesman, Esq.
GOTTESMAN LEGAL PLLC
11 Broadway, Suite 615
New York, NY 10004

**For the Defendants**
/s/ Wei Wang *(authorized by e-mail at 1:17 CDT on 7/21/2026)*
GLACIER LAW PLLC
41 Madison Ave., Suite 2529
New York, NY 10010

4

**CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2026, simultaneous with the filing of this Submission, a copy of this submission will be served upon counsel for all Appearing Parties using the court's CM/ECF system which will provide a notice of electronic filing to the following counsel of record of consent in writing to accept this notice of service of this document by electronic means.