**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISHUI MPIN TOYS CO., LTD.,<br><br>Plaintiff and Counter-Defendant,<br><br>v.<br><br>SENTK LLC, et al.,<br><br>Defendants and Counter-Plaintiffs. | Case No. 1:26-cv-00945<br><br>Hon. Matthew F. Kennelly<br><br>Magistrate Judge Albert Berry, III |

**JOINT STATUS REPORT**

Plaintiff Lishui Mpin Toys Co., Ltd. ("Plaintiff") and Defendants Sentk LLC, J & Y Stucco LLC, Heyblack International Trade Inc., Shenzhen Yongsheng Technology Co., Ltd., and Qin Lu (together, "Defendants") submit this joint status report as directed by the Court's minute entry of October 24, 2026 (ECF No. 97).

## I. PROCEDURAL BACKGROUND

1. On July 20, 2026, Plaintiff filed motions for sanctions for spoliation of evidence (ECF Nos. 68, 69), motions for sanctions and to compel relating to corporate representative testimony (ECF Nos. 70, 71), and a motion to compel discovery (ECF No. 72). Defendants filed their oppositions on August 25, 2026 (ECF Nos. 79, 80, 81), and Plaintiff filed its replies on September 8, 2026 (ECF Nos. 83, 85, 86).

2. On October 9, 2026, the Court held an in-person motion hearing, entered and continued ECF Nos. 68 through 72 for the reasons stated in open court, and took Defendants' renewed motion to dissolve the revised preliminary injunction order (ECF No. 56) under advisement. (ECF No. 95.)

3. On October 23, 2026, the parties filed a joint status report stating that they had not reached agreement on ECF Nos. 68 through 72. (ECF No. 96.) On October 24, 2026, the Court vacated the October 30, 2026 status hearing, reset it to November 25, 2026 at 9:00 a.m., and directed the parties to file a joint status report with any further settlement-related developments on November 18, 2026. (ECF No. 97.)

## II. DEVELOPMENTS SINCE OCTOBER 23, 2026

4. On November 11, 2026, Plaintiff's counsel wrote to Defendants' counsel asking whether Defendants have produced, or will produce, the materials on Plaintiff's October 8, 2026 list, including Shenzhen Yongsheng's sworn answers, the bank and payment records, the product-origin records, and the device and messaging records, and asked for an answer by November 13, 2026. Plaintiff's counsel also stated that a partial production would not be a basis to withdraw any of ECF Nos. 68 through 72.

5. On November 16, 2026, Defendants' counsel responded that Defendants are still assembling the materials described in the October 23 joint status report (ECF No. 96 ¶ 7) and expect to provide them on November 17, 2026. On November 17, 2026, as Defendants' counsel had stated on November 16, Defendants served second supplemental responses by Sentk LLC, J & Y Stucco LLC, and Heyblack International Trade Inc. to Initial Interrogatory No. 6 and Additional Interrogatory No. 3, verified by Zhang Xiang, and documents Bates-numbered DEF003130 through DEF003148, relating to the items described in the October 23 joint status report (ECF No. 96 ¶ 7).

6. The parties have not reached agreement on ECF Nos. 68 through 72. The parties have also exchanged settlement proposals but have not resolved this action.

7. Plaintiff's Position. The parties remain at an impasse on ECF Nos. 68 through 72. Plaintiff is reviewing the materials Defendants served on November 17, 2026. On its initial review, they do not resolve the motions. They do not include Shenzhen Yongsheng's sworn answers, the bank and payment records, the product-origin records, or the device and messaging records on Plaintiff's October 8 list, and they do not address the loss of Zhang Xiang's phone that is the subject of the motion for sanctions for spoliation of evidence (ECF No. 69). Defendants served these materials more than three months after fact discovery closed on August 14, 2026 (ECF No. 65), and after Plaintiff deposed Qin Lu and Zhang Xiang in June 2026. The timing adds to the prejudice described in Plaintiff's replies (ECF Nos. 83, 85, 86). At the November 25, 2026 hearing, Plaintiff will be prepared to address the appropriate remedy within the relief already requested, including the evidentiary preclusion sought in ECF Nos. 68 and 69 and the further corporate examination at Defendants' expense sought in the alternative in ECF No. 85. The motions have been fully briefed since September 8, 2026 and were heard on October 9, 2026. Plaintiff respectfully requests that the Court rule on ECF Nos. 68 through 72 at the November 25, 2026 status hearing, or as the Court otherwise directs. Plaintiff remains willing to confer with Defendants in the meantime.

8. Defendants' Position. The Court directed the parties to report on settlement-related developments (ECF No. 97). Paragraphs 4, 5, and 7 above address discovery disputes, not settlement. On settlement, Defendants have engaged with Plaintiff in what Defendants believe has been good faith, at least on Defendants' part, exchanging several rounds of proposals, including since the October 9 hearing, and discussing a potential commercial arrangement between the parties. The parties have not yet reached a resolution of this action. Separately, on November 17, 2026, Defendants provided the materials described in the October 23 joint status

report (ECF No. 96 ¶ 7), including verified second supplemental interrogatory responses and documents Bates-numbered DEF003130 through DEF003148. Those materials were provided to narrow the issues following the October 9 hearing, not in response to anything Plaintiff contends is an outstanding discovery obligation. Defendants rest on their oppositions to ECF Nos. 68 through 72 (ECF Nos. 79, 80, and 81), respectfully submit that the motions should be denied, and remain willing to continue settlement discussions. Defendants also continue to believe that the preliminary injunction should be dissolved.

9. Counsel for the parties will be prepared to address ECF Nos. 68 through 72 at the November 25, 2026 telephonic status hearing.

## III. OTHER MATTERS

10. Defendants' renewed motion to dissolve the revised preliminary injunction order (ECF No. 56) remains under advisement.

Dated: November 18, 2026

Respectfully submitted,

For the Plaintiff

/s/ Baruch Gottesman
Baruch Gottesman, Esq.
Gottesman Legal PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 401-6910
baruchgottesman@gmail.com

/s/ Diqing Vincent Yu
Diqing Vincent Yu
EBIZ LAW LLC
1178 Broadway, 3rd Floor
New York, NY 10001
(332) 333-8689

For the Defendants

/s/ Wei Wang
Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Ste. 2529
New York, NY 10010
wei.wang@glacier.law
(212) 729-5073

/s/ Benjamin E. Weed
Benjamin E. Weed
GLACIER LAW LLP
5336 Lyman Ave.
Downers Grove, IL 60515
ben.weed@glacier.law

vincent.yu@ebiz.law

Counsel for Plaintiff and
Counter-Defendant Lishui Mpin Toys Co.,
Ltd.

Counsel for Defendants and
Counter-Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Baruch Gottesman
Baruch Gottesman, Esq.
Gottesman Legal PLLC
11 Broadway, Suite 615
New York, NY 10004
(212) 401-6910
baruchgottesman@gmail.com

/s/ Diqing Vincent Yu
Diqing Vincent Yu
EBIZ LAW LLC
1178 Broadway, 3rd Floor
New York, NY 10001
(332) 333-8689
vincent.yu@ebiz.law